# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01512-SCT

*LEO POINDEXTER*

*v.*

*SOUTHERN UNITED FIRE INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/27/2001 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GARY L. GEESLIN |
| ATTORNEY FOR APPELLEE: | THOMAS L. SEGREST |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED & REMANDED IN PART - 02/27/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

¶1.     Leo Poindexter's pickup truck was damaged in a collision with a vehicle driven by Elby Fields. Fields was insured under an automobile insurance policy issued by Southern United Fire Insurance Company (Southern United). Poindexter filed suit in the Lowndes County Circuit Court, against Fields and Southern United, seeking to recover compensatory damages and punitive damages directly from Southern United. After Southern United filed an answer for Fields, the same attorney filed a separate answer for Southern United. In Southern United's separate answer, it sought dismissal under Miss. R. Civ. P. 12(b)(6), which the circuit court granted. Poindexter appeals the dismissal, asserting three assignments of error, edited as follows:

**I. DISMISSING HIS SUIT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**
**II. DENYING HIS MOTION TO AMEND THE COMPLAINT.**
**III. HOLDING THAT HIS MOTION TO COMPEL DISCOVERY WAS MOOT.**

¶2. Although we agree with the trial court's dismissal of Poindexter's original complaint, we find that the trial court erred in denying Poindexter's motion to amend the complaint under Rule 15(a). Hence, we reverse on that issue and remand for further proceedings.

**FACTS**

¶3. In June 2000, Poindexter's 1971 Chevrolet pickup truck (being driven at the time by his son) was involved in a collision with Fields's vehicle at an intersection in Columbus, Mississippi. Poindexter's truck was towed from the scene of the accident and stored at the premises of the tow truck operator.

¶4. Poindexter made demand on Fields's insurance carrier, Southern United, for payment to cover damage to his truck, loss of the use and enjoyment of his truck, and towing and storage fees. Southern United made an offer of settlement to Poindexter, which was rejected because it did not include payment for loss of use or towing and storage fees.

¶5. Poindexter filed a complaint in circuit court seeking compensatory damages of more than $7,000, which included $3,000 for damage to the truck, with the remainder being loss of use, towing and storage fees. The complaint further prayed for a declaratory judgment, pursuant to Rule 57(b)(2), that Poindexter's claims for loss of use, towing and storage, were covered under Fields's insurance policy with Southern United. Finally, the complaint alleged that Southern United breached its implied covenant of good faith and fair dealing in its settlement offer, and asked for $500,000 in punitive damages.

¶6. Southern United answered the complaint as Fields's insurer, and separately, as to its own liability. In its answer in its separate capacity, Southern United admitted that Fields's policy was in full force and

2

effect at the time of the accident, and that unspecified "coverage" existed under the policy. Southern United also asserted the following three defenses: (1) the complaint fails to state a claim or cause of action against Southern United upon which relief may be granted; (2) Poindexter may not bring a direct action against Southern United for recovery of money it may be obligated to pay under its insurance contract with Fields; and (3) Poindexter does not have standing to assert a third-party independent tort claim for bad faith against Southern United.

¶7.     Poindexter served a request for production of documents, which was partially resisted by Southern United on the basis that it was not a proper party to the lawsuit. Poindexter then filed a motion to compel discovery.

¶8.     Pursuant to Rule 12(d), Southern United moved for a preliminary hearing on its motion to dismiss. Poindexter then filed a motion for leave to file a first amended complaint, to add the additional claim of intentional infliction of emotional distress.

¶9.     The trial court conducted a hearing on Southern United's motion to dismiss and Poindexter's motions to compel discovery and for leave to file a first amended complaint. At the conclusion of the hearing, the trial court granted Southern United's motion to dismiss and denied Poindexter's two motions. The trial court specifically concluded that: Poindexter could not bring a direct action against Southern United for recovery of sums which it may become obligated to pay under its insurance policy with Fields; Poindexter could not assert a separate or independent tort claim against Southern United for its alleged failure to settle Poindexter's claims against Fields; and because Southern United has admitted coverage for the accident, there existed no grounds for Poindexter to proceed against Southern United under Rule 57.

¶10.    The trial court also found that Rule 12(b) provides that upon dismissal for failure to state a claim, leave to amend shall be granted in accordance with Rule 15(a), subject to the trial judge's sound discretion,

3

but because Poindexter would be unable to state a cause of action against Southern United under the facts set forth in the complaint, together with any reasonable inferences to be drawn therefrom, granting leave to amend would be futile. Finally, the trial court dismissed Poindexter's motion to compel discovery as moot.

¶11. Only Poindexter's separate claims against Southern United were dismissed pursuant to Miss. R. Civ. P. 54(b) and are before this Court on appeal. Poindexter's claims for property damage, loss of use, towing and storage against Fields are not the subject of this appeal.

## STANDARD OF REVIEW

¶12. This Court's standard of review for a motion to dismiss for failure to state a claim upon which relief may be granted is well-established, as follows:

> A motion to dismiss for failure to state a claim under Mississippi Rule of Civil Procedure 12(b)(6) raises an issue of law. This Court reviews questions of law de novo. When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.

*Sennett v. United States Fid. & Guar. Co.,* 757 So.2d 206, 209 (Miss. 2000) (citations omitted).

## DISCUSSION

### I. DISMISSING THE SUIT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

¶13. Poindexter claims Southern United has taken the position that it is not responsible for loss of use, towing or storage costs. By taking this position, Poindexter argues that Southern United has denied its claim against Fields, and thus Poindexter is permitted to join Southern United as a defendant, pursuant to Rule 57.

4

¶14. Southern United responds that it has not denied coverage, that it has admitted that Fields's policy was in full force and effect at the time of the accident, and that it concedes that coverage existed under the policy. Southern United argues that the position it has taken clearly has nothing to do with *coverage*; instead, it solely concerns the extent, amount and character of *damages* which Poindexter is claiming. Southern United states that when Poindexter's suit against Fields is finally tried, and if Poindexter obtains a final non-appealable judgment for his claims, Southern United, as Fields' insurer, will pay that judgment up to the limits of its policy with Fields.

¶15. Rule 57 was amended in 2000 to modify Mississippi's traditional rule which barred any type of direct action by an injured party against an insurer. Miss. R. Civ. P. 57(b)(2) & cmt. The amended rule allows an injured party to seek a declaratory judgment establishing coverage, where the insurance company has indicated it may deny coverage of the claim. The amended rule reads in pertinent part:

> (2) A contract may be construed either before or after there has been a breach thereof. Where an insurer has denied or indicated that it may deny that a contract covers a party's claim against an insured, that party may seek a declaratory judgment construing the contract to cover the claim.

Miss. R. Civ. P. 57(b)(2).

¶16. Poindexter claims that the amended Rule 57 is merely a codification of ***Lewis v. Allstate Ins. Co.***, 730 So.2d 65, 71 (Miss. 1998), where this Court held:

> We take this opportunity to state that if an insurance company can conduct a declaratory action regarding coverage prior to resolution of an underlying wrongful death trial, then the insureds and third party beneficiaries should be able to raise the coverage question in the underlying lawsuit as well. Pursuant to our rules of civil procedure, a hearing to determine coverage may be conducted if necessary. *See* Miss. R. Civ. P. 57 cmt. (recognizing that a plaintiff may ask for a declaratory judgment either as his sole relief or in addition or auxiliary to other relief). Such reviews of insurance contracts do not involve the jury and are often cursory. Accordingly, if a question of insurance coverage exists, a party should be able to bring the insurer into a lawsuit and have the coverage question resolved by the

judge. It should be noted that this does not mean that a party can mention insurance before a jury, as that rule still holds in this state.

¶17. Southern United contends that Poindexter's truck was rendered a total loss in the accident. Poindexter does not seem to dispute this, admitting in his brief that "Plaintiff's vehicle was later determined to be a total loss." In its settlement offer, Southern United took the position that Poindexter could not recover damages for loss of use and storage of a vehicle that is not repairable. Southern United, however, reminds this Court that this appeal is not the proper forum in which to litigate this issue, as this issue must be decided when Poindexter's case against Fields is tried. Southern United correctly states:

> In attempting to litigate these issues under the guise of a Rule 57 claim for determination of coverage, Poindexter has gotten the cart before the horse. He either misunderstands the distinction between coverage under the policy and recoverable damages under the law, or is deliberately attempting to create the illusion of a coverage issue.
> Since Southern United has *not* denied coverage under the policy of insurance issued to Fields, there is not basis for an action under Rule 57(b)(2), MRCP, and Poindexter's reliance on *Lewis* . . . is misplaced. Without a coverage dispute to resolve under Rule 57(b)(2), Southern United is not a proper party to these proceedings.

¶18. While the amended Rule 57 permits an injured party to seek a declaratory judgment of coverage, it does not permit an injured party to join an insurance company that has admitted coverage. Southern United has never disputed coverage; the extent of the coverage is an issue that must first be resolved by the trial court in Poindexter's action against Fields.

¶19. Justice Diaz rejects as "semantic" our distinction between denial of coverage and admission of coverage, and submits that Southern United's reluctance to pay until a court has adjudicated exactly what is owing to Poindexter is tantamount to a denial of coverage. For better or worse, semantics, the study of what words mean, is an essential part of the business of this Court, however maligned a science it has become. The meaning of Rule 57(b)(2) is that declaratory judgment may be sought where an insurer "has

6

denied or indicated that it may deny" the existence of coverage. Southern United has stated in its brief to this Court: "If and when Mr. Poindexter obtains a final, non-appealable judgment for these claims, Southern United *will pay the judgment, up to the limits of its policy issued to Fields*." What implication is there here that Southern United plans to deny coverage? Judicial estoppel would presumably serve to quash any belated effort to do so and perhaps open Southern United up to bad-faith liability as well. *See* **Mauck v. Columbus Hotel Co.**, 741 So. 2d 259, 264-65 (Miss. 1999) (judicial estoppel applies "where there is multiple litigation between the same parties and one party knowingly assert(s) a position inconsistent with the position in the prior litigation") (internal quotation marks omitted). Declaratory judgments are meant to "serve a useful purpose in clarifying and settling the legal relations in issue" and "afford[ing] relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Miss. R. Civ. P. 57 cmt. No uncertainty or lack of clarity exists with regard to coverage, so declaratory judgment is inappropriate.

¶20. Therefore, this issue is without merit.

## II. DENYING HIS MOTION TO AMEND THE COMPLAINT.

¶21. In his complaint, Poindexter sought relief from Southern United on account of its alleged "bad faith" refusal to settle his claim against Fields. In his first amended complaint, Poindexter was attempting to add the claim of intentional infliction of emotional distress. Poindexter argues that the amended complaint cures the lack of privity problem from which his bad faith claim suffers. Poindexter filed his motion for leave to amend twenty-two days prior to the hearing. Poindexter argues that the trial court's ruling, denying his motion, was in direct conflict with the mandatory language of Rule 12(b) and 15(a) of the Mississippi Rules of Civil Procedure.

¶22.    As we stated in **Parker v. Mississippi Game & Fish Comm'n**, 555 So. 2d 725 (Miss.

1989), "Our scope of review of an order denying a motion for leave to amend under Rule 15 is addressed

to the sound discretion of the trial judge." **Id.** at 730. "Unless we are convinced that the trial judge abused

his discretion, we are without authority to reverse." **Id.**

¶23.    Southern United admits that Rule 12(b) provides that upon dismissal for failure to state a cause of

action, leave to amend shall be granted in accordance with Rule 15(a), and further, leave to amend shall

be granted when justice so requires.    However, Southern United cites our opinion in **Simmons v.**

**Thompson Machinery of Miss., Inc.**, 631 So.2d 798 (Miss. 1994), for the following:

> Miss. R. Civ. P. 15(a) provides, *inter alia,* that "leave [to amend] shall be freely given
> when justice so requires." . . . [I]f the underlying facts or circumstances relied upon by the
> plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test
> his claim on the merits. ***In the absence of any apparent or declared***
> ***reason—such as . . . undue prejudice to the opposing party by virtue of***
> ***allowance of the amendment***, futility of the amendment, etc.—the leave should, as the
> rules require, be "freely given."

**Id.** at 800 (quoting **Foman v. Davis**, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962))

(emphasis in **Simmons**).

¶24.    In denying the motion for leave to amend, the trial court found that Poindexter "cannot state a cause

of action against said defendant based upon the facts set forth in the complaint, together with all reasonable

inferences to be drawn therefrom, and that *allowing amendment would be futile*." (emphasis added).

In its Final Judgment of Dismissal, the trial court explained its reasoning.  Since the first complaint was

defeated on the 12(b)(6) motion, the court considered itself entitled to dismiss Southern United:

> Although Rule 12(b), MRCP provides that upon dismissal for failure to state a claim upon
> which relief can be granted, leave to amend shall be granted in accordance with Rule
> 15(a), the grant of leave to amend under Rule 12 and Rule 15 is left to the trial judge's
> sound discretion and leave to amend may be denied where it appears certain that plaintiff

cannot state a claim showing that he is entitled to relief or that any amendment would be futile. [Citation to *Simmons*.]

¶25. In his rejected first amended complaint, Poindexter alleges intentional infliction of emotional distress (IIED) based on the following: (1) "outrageous conduct" in declining to pay his towing and storage charges; (2) "economic coercion" in advising Poindexter he could take the settlement or leave it; and (3) a combination of "outrageous conduct" and "economic coercion" in "making statements to, among others, the towing and storage service" to the effect that Poindexter could sue if he liked but that "since [he] did not have any money, he would not be able to hire an attorney for such a small claim."

¶26. On the merits, Poindexter's claim appears futile. Rule 57(b)(2), which provides Poindexter with his entire basis for proceeding against Southern United, applies only to issues of coverage, and an IIED claim is not a coverage issue. However, we are not here concerned with the merits of Poindexter's claim, but with the narrow procedural question of whether the trial court abused its discretion in denying Poindexter leave to amend his complaint. And our answer to that narrow question, based on the plain language of Rule 15(a), must be that it did.

¶27. The language of Rule 15(a), incorporating a deliberate addition to the text of the federal rule, states:

> On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), thirty days leave to amend **shall be granted**, provided matters outside the pleadings are not presented at the hearing on the motion.

Miss. R. Civ. P. 15(a) (emphasis added); *see also* Miss. R. Civ. P. 12(b) (on grant of Rule 12(b)(6) motion, "leave to amend shall be granted in accordance with Rule 15(a)"); *Sligh v. First Nat'l Bank of Holmes County*, 704 So. 2d 1020, 1024 (Miss. 1997) ("the court's dismissal of their complaint for

failure to state a claim for which relief can be granted afforded . . . an automatic right to amend within thirty days").

¶28. Because leave to amend was mandatory, the trial court erred in determining that it had discretion to evaluate the futility vel non of the amended complaint. Futility and *Simmons* are not relevant here, because that case did not involve mandatory leave to amend after a Rule 12(b)(6) dismissal, and the language involving futility was pertinent to the U.S. Supreme Court's interpretation of the federal Rule 15 in *Foman*, not to our interpretation of the Mississippi-specific language about mandatory allowance of amendment.

¶29. This distinction between the federal and state language of Rule 15(a) was considered only briefly by our Court of Appeals in its opinion on whether Rule 15(a), taken with Rule 12(b), "provide[s] an automatic right to amend the complaint." *Jones v. Lovett*, 755 So. 2d 1243, 1246-47 (Miss. Ct. App. 2000). We reproduce its discussion below:

> Specifically, Jones argues that the word "shall" in Rule 15 removes this particular type of amendment from the judges discretion in denying leave to amend the complaint. The United States Supreme Court discussed amendments to complaints in *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), stating:
>
> > Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded . . . if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, **futility of the amendment**, etc.—the leave sought should, as the rules require, be "freely given."
>
> *Foman*, 371 U.S. at 182, 83 S. Ct. 227. Although that case dealt specifically with the Federal Rules of Civil Procedure, the Mississippi Supreme Court cited the language with approval in *Red Enter., Inc. v. Peashooter, Inc.*, 455 So. 2d 793, 795 (Miss. 1984).

10

*Jones*, 755 So. 2d at 1247 (emphasis added).  This Court did indeed approve *Foman*'s above-quoted language in *Peashooter*.  However, in *Peashooter*, we were addressing only Mississippi Rule of Civil Procedure 15*(b)*, which uses the same "when justice so requires" standard as does the federal Rule 15*(a)*.  *Peashooter*, 455 So. 2d at 795.  Therefore, we were able to rely on the U.S. Supreme Court's language in *Foman* discussing the federal Rule 15(a).  But that language simply does not apply when we turn to the Mississippi-specific language of *our* Rule 15(a).  Therefore, the Court of Appeals should not have applied *Foman* and *Peashooter* to Rule 15(a), the plain language of which does indeed provide an "absolute right to amend the complaint."

¶30.    For us to hold otherwise would require us to disregard the plain language of Rules 12 and 15 in favor of our own notions of judicial efficiency and expediency.  This we are not prepared to do.  *See Van Meter v. Alford*, 774 So. 2d 430, 432 (Miss. 2000) (Waller, J.) (plain language of Rules should govern); *cf. McGriggs v. Montgomery*, 710 So. 2d 886, 890 (Miss. Ct. App. 1998) (holding Rule 41(a)(1)(i) "clear and unambiguous on its face and admit[ting] of no exceptions that call for the exercise of judicial discretion by any court").  A grant of discretion to our trial courts would open up the prospect of future litigation over what amendments are or are not "futile," a word it may well be futile to define objectively.[1]  Unless and until the Mississippi Rules are altered, we prefer to exercise judicial restraint and to hold that "shall" means "shall," not "shall sometimes."  *See, e.g., Ivy v. Harrington*, 644 So. 2d 1218, 1221 (Miss. 1994):

---

[1]The federal courts have equated "futile" with the Rule 12(b)(6) standard.  *See, e.g., Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000).  Were we to do likewise, the consequence would be to transform every post-12(b)(6) motion to amend under Rule 15(a) into a 12(b)(6) hearing on the proposed amendment.  The wisdom of this approach is not for us to decide today, given our plain-language reading of our Rule 15(a).

The operative word of § 93-9-21 is "shall." A basic tenet of statutory construction constrains us to conclude that, unlike the discretionary nature of "may," **the word "shall" is a mandatory directive**. As a consequence, in a proceeding to establish paternity, upon motion by either the plaintiff or defendant for an order requiring blood tests, the trial judge **must** grant the motion; **no discretion is afforded the trial judge**.

(emphasis added).

¶31.    We do note that the motion for leave to amend was actually made before the trial court dismissed the first complaint. Whether it would have been proper for the trial court to first deny the motion to amend, and only then to dismiss the original complaint, we need not decide on the facts before us.[2] Here, the trial court dismissed the claim stated in the original complaint, and only then went on to deny the motion to amend. That was an abuse of discretion, and we therefore reverse on this issue.

### III.    HOLDING THAT HIS MOTION TO COMPEL DISCOVERY WAS MOOT.

¶32.    Finally, Poindexter argues that because the trial court erred in granting Southern United's motion to dismiss, and denying his motion for leave to amend, it follows that the trial court erred in holding his motion to compel discovery moot. Neither party has cited authority on this issue. However, it follows from our reversal on issue II that the trial court, upon remand, should reconsider Poindexter's motion on the merits.

### CONCLUSION

---

[2]It would be strange, admittedly, if a motion to amend could be denied five minutes before dismissal, but was required to be granted five minutes after; parties would then be penalized for expediting their pleadings. In the former instance, the trial court would be bound by the rule that leave to amend shall be granted freely as justice requires. "In practice, an amendment should be denied only if the amendment would cause actual prejudice to the opposite party." Miss. R. Civ. P. 15 cmt. The mere fact that the opposite party would be put to the trouble of moving to dismiss the amended complaint probably does not rise to the level of "actual prejudice." As we have stated, the language of Rule 15(a) is explicitly mandatory and does not suggest any room for prudential considerations.

¶33. The trial court did not err in dismissing Poindexter's claim in his original complaint. However, it did err in denying Poindexter's motion for leave to amend and his motion to compel discovery. Therefore, we affirm in part the judgment of the Lowndes County Circuit Court and reverse in part, remanding for proceedings consistent with this opinion.

¶34. **AFFIRMED IN PART; REVERSED & REMANDED IN PART.**

**PITTMAN, C.J., WALLER AND CARLSON, JJ., CONCUR. EASLEY AND GRAVES, JJ., CONCUR IN PART AND DISSENT IN PART WITHOUT SEPARATE WRITTEN OPINION. WALLER, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, P.J., AND CARLSON, J. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J. EASLEY, J., JOINS IN PART. DIAZ, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J., EASLEY AND GRAVES, JJ.**

**WALLER, JUSTICE, CONCURRING:**

¶35. I agree that the dismissal of the claims against Southern United Fire Insurance Company should be affirmed. Furthermore, it is true M.R.C.P. 15(a) mandates that thirty days leave to amend be given if the trial court grants a motion to dismiss for failure to state a claim upon which relief is granted pursuant to M.R.C.P. 12(b)(6). Therefore, under a literal reading of M.R.C.P. 15(a), the denial of Poindexter's motion to amend must be reversed.

¶36. While I concur with the majority, I believe the better course is to temper M.R.C.P. 15(a)'s mandate with the paramount concerns of logic, futility of amendment, and judicial economy. Because we should follow this course, I believe it is now appropriate for this Court to amend M.R.C.P. 15(a) to allow trial

courts to use discretion in ruling on motions to amend. *See* Fed. R. Civ. P. 15(a).[3]  Here, Poindexter does not propose an amendment that would allow him to proceed under Mississippi law.

¶37.    Under our law, an injured third party *may not* maintain any direct action against a tortfeasor's insurance company. *Westmoreland v. Raper*, 511 So. 2d 884, 885 (Miss. 1987); *Smith v. City of West Point*, 475 So. 2d 816, 819 (Miss. 1985).  However, we have recognized that this line of cases was modified[4] by the adoption of Rule 57 of the Mississippi Rules of Civil Procedure, which provides that an insurance company may be named as a party to an action for the purpose of seeking declaratory judgment on the question of coverage. *Jackson v. Daley*, 739 So. 2d 1031, 1038 (Miss. 1999).  In *Jackson*, we affirmed a circuit court's ruling which allowed a plaintiff to add the defendant tortfeasor's insurer as a defendant for declaratory judgment for the limited purpose of determining coverage, but we would not allow the insurer to be named as a real party in interest.  *Id.*

¶38.    Because there is no statutory authority allowing a third-party direct action against an insurance company, M.R.C.P. 57's right of filing a declaratory judgment action against an insurer is a narrow

---

[3]Fed. R. Civ. P. 15(a) provides as follows:

> **(a) Amendments.**  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

[4]Actually, the Court at one point recognized that this line of cases was overruled, but this finding was withdrawn after a motion for rehearing was filed. *See State Farm Mut. Auto. Ins. Co. v. Eakins*, No. 96-CT-00034-SCT, 1998 WL 852920, *3 (Miss. Dec. 10, 1998), *superceded on rehearing*, 748 So. 2d 765 (Miss. 1999).

14

exception to the broader prohibition against an injured party maintaining a direct action against a tortfeasor's insurer. This exception does not permit Poindexter to amend his complaint to add a claim of intentional infliction of mental distress against Southern United. Here, no issue exists as to coverage because Southern United has assumed the defense of Poindexter's claim against Fields, its insured, without asserting any issue as to coverage.

**SMITH, P.J., AND CARLSON, J., JOIN THIS OPINION.**


**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶39.    I agree with Justice Diaz who states that this action should be reversed and remanded for review and a determination of coverage as provided for by Rule 57 of the Mississippi Rules of Civil Procedure, which is a direct codification of this Court's ruling in ***Lewis v. Allstate Ins. Co.***, 730 So.2d 65 (Miss. 1998).

¶40.    After *Lewis*, M.R.C.P. 57 was amended to take care of situations such as this. It was to provide a quick resolution to the issue of coverage through a declaratory judgment. The only way to expedite determination of coverage in this situation is to follow the procedures of M.R.C.P. 57 and file suit seeking declaratory judgment. Why should one have to go to trial to obtain a determination on the loss of use and depreciation damages, when it can be determined up front?

¶41.    It is clear that Southern United is "deny[ing] or indicat[ing] that it may deny " coverage within the meaning of M.R.C.P. 57. Southern United, in its brief, states that if and when Leo Poindexter obtains a final judgment for these claims, then it will pay the judgment up to the limits of the policy issued to Field. But presently, it is denying that the policy covers the loss of use of a vehicle when the vehicle is a total loss. What is Southern United really doing? It is essentially denying coverage.

¶42.    Furthermore, it is more appropriate for a determination of coverage to be addressed in a declaratory judgment proceeding rather than through liability litigation on the merits. This is what M.R.C.P. 57 was designed to do.

¶43.    For these reasons, I respectfully dissent.

**DIAZ, J., JOINS THIS OPINION. EASLEY, J., JOINS IN PART.**

**DIAZ, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶44.    I agree that the trial court committed reversible error by refusing to allow Leo Poindexter an opportunity to amend his complaint. However, I disagree with the majority's affirmance of the trial court's dismissal of his declaratory judgment action. Accordingly, I respectfully dissent.

¶45.    Poindexter sustained property damage and economic loss as a result of the negligence of Elby L. Fields. Fields is insured for such negligence by Southern United Fire Insurance Co., which denied coverage for a substantial portion of Poindexter's claim. As a consequence, Poindexter was entitled to join Southern United as a defendant pursuant to M.R.C.P. 57(b)(2). According to that rule, Poindexter is entitled to seek a declaratory judgment construing whether the insurance contract provides coverage for his loss.

¶46.    Poindexter suffered a total loss of his vehicle. It has been sitting in storage, with fees accruing, since June 30, 2000. He is unable to use it anymore and is in need of a new vehicle. If Fields is found to have been the cause of Poindexter's losses, then she will be also liable for these additional expenses. *See Vining v. Smith*, 213 Miss. 850, 58 So. 2d 34 (1952) (holding that the loss of use of a motor vehicle, and amounts necessarily expended in the hire of another vehicle, and the reasonable cost of preserving and repairing injured motor vehicles are elements of damages which may be recovered). As her insurer,

16

Southern United is contractually obligated to indemnify Fields for liabilities incurred which are covered under their insurance agreement.

¶47.    As is its prerogative, Southern United disputed the amount of actual property damage sustained by Poindexter and took the position that it is not responsible for the towing and storage charges or the loss of use, thus denying coverage for these claims. Consequently, as is his statutorily-prescribed prerogative, Poindexter joined Southern United as a defendant pursuant to M.R.C.P. 57(b)(2), which provides in pertinent part as follows:

> Where an insurer has denied or indicated that it may deny that a contract covers a party's claim against an insured, that party may seek a declaratory judgment construing the contract to cover the claim.

The Comment following Rule 57 states, in pertinent part:

> Rule 57 (b) was amended in 2000 to authorize an injured party, where an insurer has indicated that it may deny coverage of the injured party's claim, to seek a declaratory judgment establishing coverage. The traditional rule in Mississippi barred any type of direct action by an injured party against an insurer. (citations omitted). The amendment modifies the traditional rule in the interest of judicial economy by allowing a direct action for the limited purpose of a declaratory judgment.
> Allowing the injured party to seek a declaration that the injured party's claim is covered by the defendant's policy may reduce litigation costs. First, it may avoid unnecessary litigation when the policy is the only asset that might satisfy the injured party's claim, because a determination of non-coverage would avoid the need of trial of the claim against the insured. In addition, if the injured party brings the claim for declaratory judgment together with the claim against the insured, the rule may allow all of the issues growing out of an incident to be resolved in a single judgment.

¶48.    Southern United offered to settle this claim with Poindexter for less than the damages he incurred; thereby essentially asserting that coverage did not exist for his additional damages. Following the procedure outlined in Rule 57(b), Poindexter sought a declaratory judgment to determine the coverage issue. In my opinion, this procedure is sound and promotes the economical resolution of cases. Southern United has asserted in its brief that, if its insured is found negligent, and coverage is found to exist for these

additional damages, then it will make Poindexter whole up to the limits of its policy with Fields. If it can be determined, prior to a lengthy jury trial, that coverage does in fact exist for these damages, then this determination should be made. It may cause Southern United to revisit settlement and thereby, in conformity with the hopes of the commentators to Rule 57(b), avoid unnecessary litigation and waste of judicial resources.

¶49. In my opinion, the semantic argument urged by Southern United and accepted by the trial court and the majority of this Court confuses the issue. It focuses on a distorted linguistic variation of what Southern United is actually asserting. Southern United is not merely arguing over "the extent, amount and character of damages which Poindexter is claiming," rather, it is asserting that, regardless of how much it cost Poindexter to store his vehicle or how much he was inconvenienced by not having the use of his vehicle, it is not responsible for that damage because it is not a covered loss. In my opinion, that assertion is the very purpose for which Rule 57(b) was amended, and Poindexter's declaratory judgment action should be allowed to proceed.

¶50. I agree that the trial court committed reversible error by refusing to allow Poindexter an opportunity to amend his complaint. However, I would also reverse the trial court's decision to dismiss Southern United from this action. Because it has denied responsibility/coverage for his claim, I would require Southern United to defend Poindexter's declaratory judgment action in accordance with the strictures of M.R.C.P. 57(b)(2).

**McRAE, P.J., EASLEY AND GRAVES, JJ., JOIN THIS OPINION.**