# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01919-SCT

*EDDIE BLACK*

*v.*

*CITY OF TUPELO*

| | |
|---|---|
| DATE OF JUDGMENT: | 9/27/2002 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | TACEY CLARK CLAYTON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 09/11/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., WALLER AND CARLSON, JJ.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This tort claims act case comes to this Court on appeal from a Lee County Circuit Court order granting the City of Tupelo's motion to dismiss on the grounds that (1) plaintiff Eddie Black failed to serve a "Notice of Claim" as required by the Mississippi Tort Claims Act and (2) that the plaintiff's case is barred by res judicata.  We find that Black failed to comply with the notice requirements of the Tort Claims Act and that Black's case is barred by a prior lawsuit.  We affirm the trial court.

## FACTS

¶2.     The plaintiff Eddie Black ("Black"), proceeding pro se, alleged the City of Tupelo and individual police officers employed by the Tupelo Police Department, including Mark Price ("Price"), Clay Hassell ("Hassell"), Jaime Harper ("Harper"), James Moses ("Moses"), Jay Clark ("Clark"), Michael Olive ("Olive") and Paul Howell ("Howell"), harassed him, were negligent in performing their duties, were part

of a conspiracy to cause and broke a "Covenant Not to Sue."  Specifically, Black complains of the following events: (1) He was put in a jail cell with two inmates who had previously attacked and robbed him; (2) He was arrested in violation of the "Covenant Not to Sue" on February 4, 1998; (3) He was arrested on shoplifting charges on November 11, 1997, which were later overturned; (4) He was frequently stopped by Moses and/or Hassell; (5) He was verbally threatened by Clark; (6) Clark used excessive force; (7) Olive verbally threatened him; (8) Howell reported that Black was a "snitch;" and (9) Harper failed to give Black information regarding an incident with police officers.

¶3.     Black made the identical allegations against the same officers and the City of Tupelo in a civil action in the United States District Court for the Northern District of Mississippi. Black's assertions did not meet the *Spears v. McCotter* test, and the case was dismissed with prejudice on March 24, 1999.  Unhappy with the ruling in federal court, Black then filed this case in Lee County Circuit Court.  That court granted the City of Tupelo's motion to dismiss.  Aggrieved, Black appeals alleging the following errors:

    **I.**    **WHETHER THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT WITHOUT A HEARING.**

    **II.**    **WHETHER THERE WERE TOO MANY UNADDRESSED COMPLAINTS FOR THE TRIAL COURT TO DISMISS WITHOUT A HEARING.**

    **III.**    **WHETHER THE TRIAL COURT'S REFUSAL TO HEAR BLACK'S COMPLAINTS IN OPEN COURT PUT HIS LIFE IN DANGER AND THUS PRECLUDED GRANTING THE MOTION TO DISMISS.**

    **IV.**    **WHETHER THIS COMPLAINT IS BARRED BY THE DOCTRINE OF RES JUDICATA.**

    **V.**    **WHETHER THE TRIAL COURT ERRED IN DISMISSING THE CASE UNDER THE NOTICE OF CLAIM PROVISIONS IN THE MISSISSIPPI TORT CLAIMS ACT.**

**STANDARD OF REVIEW**

¶4. This Court's standard of review for a motion to dismiss is well established.

> A motion to dismiss for failure to state a claim under Mississippi Rule of Civil Procedure 12(b)(6) raises an issue of law. This Court reviews questions of law de novo. When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt the plaintiff will not be able to prove any set of facts in support of his claim.

*Poindexter v. Southern United Fire Ins. Co.*, 838 So. 2d 964, 966 (Miss. 2003) (quoting *Sennett v. United States Fid. & Guar. Co.*, 757 So. 2d 206, 209 (Miss. 2000)).

## ANALYSIS

### I. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT WITHOUT CONDUCTING A HEARING.

¶5. This Court has not addressed the question of whether a trial court may grant a Rule 12(b)(6) motion to dismiss for failure to state a claim without conducting an oral hearing. However, this question has been addressed in the context of a Rule 56(c) motion for summary judgment. *Adams v. Cinemark USA, Inc.*, 831 So. 2d 1156 (Miss. 2002). In *Adams*, the trial court granted the defendant's motion for summary judgment without holding a hearing. On appeal, the plaintiff argued the trial court's failure hold a hearing was a procedural error, and the grant of summary judgment should have been reversed. This Court disagreed. While agreeing that the trial court's failure to conduct a hearing was error, we found that error was harmless.

> No error in either the admission or exclusion of evidence and *no error in any ruling or order* or in anything done or *omitted by the Court* or by any of the parties is ground for granting a new trial or for setting aside a verdict ... unless refusal to take such action appears to the Court inconsistent with substantial justice. The Court at every stage of the proceeding *must disregard any error* or defect in the proceeding which *does not affect the substantial rights* of the parties.

3

*Id.* at 1164 n.4 (citing M.R.C.P. 61) (emphasis in original). In *Adams* we determined the trial judge had all necessary information to make a ruling on the motion for summary judgment in his possession. *Id.* That being the case, the Court held the trial court's failure to conduct a hearing to be harmless error and affirmed the grant of summary judgment.

¶6. The reasoning in *Adams* applies to the case at bar. In its motion to dismiss, the City of Tupelo argued that Black's failure to file a notice of claim as required by the Mississippi Tort Claims Act, as well as the dismissal of his previous federal case, precluded his cause of action. Black filed two responses to the City's motion. Black's failure to file a notice of claim and the dismissal of his previous suit are not in dispute. The only remaining questions were ones of law. Thus, the failure of the trial court to hold a hearing prior to granting the motion to dismiss was harmless error.

## II. WHETHER THERE WERE TOO MANY UNADDRESSED COMPLAINTS FOR THE TRIAL COURT TO DISMISS WITHOUT A HEARING.

¶7. Black argues that too many "unaddressed" allegations exist for the trial court to have dismissed his complaint. Obviously, the number of issues raised in a complaint have no impact on the ability of a trial court to dismiss an action, so long as the requirements for dismissal are met. As discussed above and below, the requirements for dismissal have been met in the case at bar. This argument is without merit.

## III. WHETHER THE TRIAL COURT'S REFUSAL TO HEAR BLACK'S COMPLAINTS IN OPEN COURT PUT HIS LIFE IN DANGER AND THUS PRECLUDED GRANTING THE MOTION TO DISMISS.

¶8. Black argues that the trial court's dismissal of his complaint without a hearing puts his life in danger. Black offers this Court no evidence as to why this may be true. This Court does not see any correlation between the dismissal of the case and any alleged danger to Black. In any event, alleged danger to a party is not sufficient reason to sustain a complaint of this nature. This argument is likewise without merit.

4

## IV. WHETHER THIS COMPLAINT IS BARRED BY THE DOCTRINE OF RES JUDICATA.

¶9.     As stated above, Black previously filed a lawsuit in federal court substantially similar to the case at bar. United States Magistrate Judge Jerry A. Davis held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether a justiciable basis existed for Black's claims. Judge Davis deemed Black's suit to be legally frivolous and recommended the case be dismissed with prejudice. The district court accepted this recommendation and dismissed the case, with prejudice, on March 24, 1999.

¶10.    Under the doctrine of res judicata, parties are prevented from litigating issues tried in a prior lawsuit, as well as matters which could have been litigated in the prior suit, if four identities are present in both actions: (1) identity of the subject matter of the actions; (2) identity of the cause of action; (3) identity of the parties to the cause of action; (4) identity of the quality or character of a person against whom the claim is made. *Hogan v. Buckingham ex rel. Buckingham*, 730 So. 2d 15, 17 (Miss. 1998).

¶11.    The subject matter of the federal suit and the case at bar are the same; namely, both suits pertain to alleged incidents with the Tupelo Police Department. The identity of the cause of action is likewise the same. The identity of a cause of action is the identity of the underlying facts and circumstances upon which a claim has been brought. *Riley v. Moreland*, 537 So. 2d 1348, 1354 (Miss. 1989) *(citing Walton v. Bourgeois*, 512 So. 2d 698, 701 (Miss. 1987)). The allegations contained in Black's federal suit are based on the same underlying facts and circumstances as the case at bar. The third identity is also satisfied. The City of Tupelo is the primary defendant in each of the actions. Black did name several officers not named in the federal suit; however, strict identity of the parties is not necessary to satisfy this element. *Little v. V & G Welding Supply, Inc.*, 704 So. 2d 1336, 1339 (Miss. 1997). Instead, a defendant

can assert res judicata if he is in privity with the named defendant. All of the additional officers named in the state court complaint are in privity with the City of Tupelo which was named in the federal complaint. Additionally, service had been completed only on the City of Tupelo, not on any of the individual officers named as defendants in this case. As such the identity of parties to the cause of action has been met. The final identity is likewise satisfied in the case at bar. The City of Tupelo is the same defendant as in the previous federal action and all individuals named as defendants are police officers with the Tupelo Police Department. Thus, their quality or character is identical. As such, the trial court was correct in ruling that this complaint was barred by the doctrine of res judicata.

**V.    WHETHER THE TRIAL COURT ERRED IN DISMISSING THE CASE UNDER THE NOTICE OF CLAIM PROVISIONS IN THE MISSISSIPPI TORT CLAIMS ACT.**

¶12.    There is a mandatory notice requirement on potential plaintiffs which must be satisfied prior to the institution of any tort lawsuit against a governmental entity or one of its employees. Specifically, in an action against a governmental agency "ninety days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11(1) (1999). In determining whether the notice of claim requirements have been met, this Court has adopted a "substantial compliance" standard. In other words, strict compliance with the notice requirements of the Mississippi Tort Claims Act is not a prerequisite to maintaining a cause of action against a governmental agency. *Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss. 1999). However, Black has not substantially complied with the statutory requirements. Black failed to send any notice of claim letter at all. As a pro se litigant, Black is afforded latitude. *Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990). However, this Court has held that pro se parties are held to the same rules of procedure as represented parties. *Dethlefs v. Beau Maison Dev. Corp.*, 511 So. 2d 112, 118 (Miss. 1987). While we

6

acknowledge on the one hand that as a pro se litigant, Black should be afforded some latitude, on the other hand, we have consistently held that pro se parties are held to the same rules of procedure as represented parties. Black did not file a notice of claim; thus, his suit is barred by the Mississippi Tort Claims Act.

¶13. Black suggests that a covenant dropping charges against Black in exchange for an agreement to not file suit agreed to and executed on September 30, 1993, constitutes a notice of claim. Without analyzing whether such an agreement could be considered a notice of claim, all the events complained of occurred well after the date the covenant was signed. Obviously, a document agreed to at least four years before any of the incidents complained of occurred cannot give proper notice of a claim regarding subsequent events. The trial court was correct in dismissing Black's complaint for failure to comply with the notice of claim provisions in the Mississippi Tort Claims Act.

## CONCLUSION

¶14. A plaintiff is barred from relitigating all issues tried in a prior lawsuit, as well as all issues which could have been litigated in that prior suit provided the four identities discussed above are present. Black was barred from bringing this claim by res judicata. Despite the latitude this Court grants to pro se litigants, there are still essential requirements for sustaining an action. A party must substantially comply with the notice requirements of the Mississippi Tort Claims Act. Black did not provide the notice required. Thus, the judgment

of the trial court is affirmed.

¶15. **AFFIRMED.**

**PITTMAN, C.J., WALLER, COBB, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., AND DIAZ, J., NOT PARTICIPATING.**

7