# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00607-SCT

*WILLIE MAE VEAL, INDIVIDUALLY AND AS*
*ADMINISTRATRIX OF THE ESTATE OF WILLIE*
*MAE SMITH, FOR THE USE AND BENEFIT OF*
*THE ESTATE AND WRONGFUL DEATH*
*BENEFICIARIES OF WILLIE MAE SMITH*

*v.*

*J. P. MORGAN TRUST COMPANY, N.A. f/k/a*
*CHASE MANHATTAN TRUST COMPANY,*
*NATIONAL ASSOCIATION; EATON VANCE*
*CORP.; EATON VANCE MUNICIPALS TRUST*
*AND EATON VANCE MUNICIPALS TRUST II*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/03/2005 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DOUGLAS BRYANT CHAFFIN |
| | GARRY JAMES RHODEN |
| | KENNETH L. CONNER |
| | SUSAN NICHOLS ESTES |
| ATTORNEYS FOR APPELLEES: | MARK HERNDON TYSON |
| | H. HUNTER TWIFORD |
| | LAWRENCE D. WADE |
| | BRADLEY FAREL HATHAWAY |
| | LEANN W. NEALEY |
| | CHAD ROBERTS HUTCHINSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 05/10/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.    We granted plaintiffs' interlocutory appeal to consider whether the Circuit Court of Washington County erred in striking the amended complaint and dismissing newly named defendants.  Finding no error, we affirm the trial judge's order.

**BACKGROUND FACTS AND PROCEEDINGS**

¶2.    On December 26, 2002, Willie Mae Veal ("Veal") brought an action on behalf of the Estate of Willie Mae Smith ("Smith") against two corporations alleged to be in control of Autumn Leaves Nursing Home, the nursing home's administrator and licensee, as well as ten "John Does" and ten "Unidentified Entities."  The complaint alleged negligence, medical malpractice, malice and/or gross negligence, fraud, statutory survival, and statutory wrongful death claims against all of the defendants.  Before any responsive pleadings were filed, the plaintiff filed an Amended Complaint to add that Veal had been appointed Administratrix of Smith's Estate.  On March 27, 2003, the named defendants filed an answer, and discovery followed.

¶3.    On August 31, 2004, after obtaining the written consent of the named defendants, Veal filed a Second Amended Complaint, which purported to substitute the true names of several fictitious parties, who were referred to in her Original and First Amended Complaints as "John Does" and "Unidentified Entities."  The newly named defendants included:  J.P. Morgan Trust Co.; Eaton Vance Corp.; Eaton Vance Municipals Trust; Eaton Vance Municipals Trust II; and Donald R. Dwight, James B. Hawkes, and Jessica M. Bibliowicz as Trustees of Eaton Vance Municipals Trust and Eaton Vance Municipals Trust II.  In addition, the Second Amended Complaint included new facts and allegations regarding the "substituted" defendants' involvement and alleged control over the defendant corporations.

2

¶4.    In response to Veal's Second Amended Complaint, J.P. Morgan Trust Co. ("J.P. Morgan") filed a motion to dismiss, arguing that Veal had failed to comply with Rules 15(a), 10(d), 9(b), and 12(e) of the Mississippi Rules of Civil Procedure. Defendants Eaton Vance Municipals Trust, Eaton Vance Municipals Trust II and Eaton Vance Corp. (collectively "Eaton Vance") also filed a motion to dismiss, arguing that the plaintiff failed to obtain leave to file her Second Amended Complaint as required by Rule 21 or, in the alternative, Rule 15(a). Veal responded, arguing that under Rule 15(a), she was not required to obtain leave of the court, because she had obtained the written consent of the existing defendants to the action prior to filing her Second Amended Complaint.

¶5.    After a hearing on the motions, the trial judge issued an order striking Veal's Second Amended Complaint and dismissing J.P. Morgan without prejudice because Veal had failed to obtain leave of the court as required by Rule 21 of the Mississippi Rules of Civil Procedure. The trial court reasoned that Rule 15(a)'s provision allowing "written consent of the adverse party" could not apply when new defendants were added, because counsel for the existing defendants could not consent to an amendment of the complaint on behalf of the proposed new defendants. The trial court resolved the issue by looking to Mississippi Rule of Civil Procedure 21, which addresses the addition of a party, and requires an order of the court. Four days later, on March 7, 2005, the trial judge issued another order dismissing Eaton Vance without prejudice, without stating the reasons for dismissal. Aggrieved by the orders, Veal sought an Interlocutory Appeal. We granted the appeal and stayed all trial court proceedings.

3

**ANALYSIS**

¶6.     Veal's single issue on appeal is whether Rule 9(h) of the Mississippi Rules of Civil Procedure requires leave of the court before a fictitious party may be substituted. Although we find that it does not, we further find that Veal's Second Amended Complaint did not substitute fictitious parties, but rather added new parties to the cause of action, asserting additional facts and allegations against these newly added defendants. Thus, in adding new defendants, Veal was required by Rule 21 of the Mississippi Rules of Civil Procedure to obtain leave of the court.

¶7.     The application of the Mississippi Rules of Civil Procedure in this case is a question of law. "When the issues presented on an interlocutory appeal are questions of law, this Court will review those issues, as other questions of law, de novo." *Gant v. Maness*, 786 So. 2d 401, 403 (Miss. 2001). Furthermore, this Court is bound to follow the plain and ordinary meanings of the Rules of Civil Procedure. *See Poindexter v. Southern United Fire Ins. Co.*, 838 So. 2d 964, 971 (Miss. 2003); *Van Meter v. Alford,* 774 So. 2d 430, 432 (Miss. 2000).

**I.  Substituted Parties Pursuant to Rule 9(h).**

¶8.     In addressing the question presented, we must first determine whether "John Does 1 through 10," and "Unidentified Entities 1 through 10" were truly "fictitious parties," so as to come under the purview of Rule 9(h). This, in turn, requires that we examine whether J.P. Morgan; Eaton Vance; Donald R. Dwight, James B. Hawkes, and Jessica M. Bibliowicz as Trustees of Eaton Vance, are legitimate substitutions for the fictitious parties named in the complaint, or instead, are new parties brought into the litigation.

¶9.    Rule 9(h) reads:

> When a party is ***ignorant of the name*** of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.

Miss. R. Civ. P. 9(h) (emphasis added). Thus, where a plaintiff wishes to file suit against a defendant whose name is not known, the suit may be filed by providing the defendant a fictitious name. Rule 9(h) is not intended to serve as an insurance policy to plaintiffs who wish to protect themselves in case they discover new defendants in the course of litigation. Rule 9(h) authorizes the plaintiff to deviate in only one respect from the requirements of the Mississippi Rules of Civil Procedure in bringing a claim. That is, the plaintiff is allowed to use a fictitious name, rather than the true name of the defendant. In other words, the purpose of Rule 9(h) is to allow a plaintiff to proceed with a lawsuit where the plaintiff knows and can articulate the wrongful conduct of, and claims against, the fictitious party, but simply does not know that party's name.

¶10.    Rule 9(h) does not say that a plaintiff may include a fictitious party because the plaintiff suspects that there ***might*** be someone out there who ***might*** have engaged in conduct which ***might*** be actionable. For instance, if the plaintiff knew that a nurse was assisting a doctor with a procedure and that the nurse engaged in negligent conduct, the plaintiff is not prevented from proceeding with litigation against the nurse simply because the plaintiff does not know the name of the nurse. The plaintiff may sue "Nurse X" and upon learning the nurse's *name*, substitute it for the fictitious party under Rule 9(h). *See* Miss. R. Civ. P. 9(h).

5

¶11.    However, where a plaintiff suspects that there might have been others involved in the procedure who might have been negligent, but is, at the time suit is filed, unaware of who they are or what negligent act they are alleged to have committed, the plaintiff may not include a fictitious party in the complaint.  This Court has previously stated that "the purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, *known*, but unidentified, who can only be ascertained through the use of judicial mechanisms such as discovery."  *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 896–97 (Miss. 2006) (emphasis added).

¶12.    Having said that, we find it important to point out that the explicit language of Rule 9(h) does not require leave of the court to amend pursuant to Mississippi Rule of Civil Procedure 15(a).  In cases where it is unnecessary to amend the content or the substance of a plaintiff's complaint, and the only change is to substitute the defendant's true name for the fictitious name Rule 9(h) applies, and leave of court is not required.

¶13.    Here, however, Veal included in her complaint allegations against "fictitious" parties "Defendants John Does 1 through 10," and "Defendants Unidentified Entities 1 through 10." With respect to these fictitiously named defendants, Veal alleged the following:

> Said Defendants are named pursuant to Miss. R. Civ. P. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of, or in the staffing, supervision, administration and direction of the care and treatment of, [the deceased] during her residency at AUTUMN LEAVES NURSING HOME.  Alternatively, said Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions of others with respect to the care and treatment of [the deceased] during her residency at AUTUMN LEAVES NURSING HOME.

6

¶14. These general allegations provide no indication that Veal was aware of the existence of any of the additional defendants added by the Second Amended Complaint. Veal simply attempted to substitute newly discovered defendants for the previously named fictitious parties. Veal not only added new allegations against these "substituted" defendants, but also included new facts in support of these allegations. As to the new allegations, Veal asserted that the newly named defendants were negligent and/or tortious with respect to the care and treatment of the deceased, "and/or in the staffing, supervision, administration, *operation, oversight, and/or control* of the Autumn Leaves Nursing Home which harmed [the deceased]." (Emphasis added). In addition, Veal included an eight-page factual summary titled "The Control by Defendants of the Autumn Leaves Nursing Home," which described in detail the purchasing and financing of the Autumn Leaves Nursing Home as well as the alleged wrongdoing by the newly named defendants alleged to be in the control and operation of Autumn Leaves Nursing Home. This factual summary included new theories of "bondholders' control" and "lender liability" against the newly named defendants, none of which were included in Veal's Original and First Amended Complaints.

¶15. Because these substituted defendants were not fictitious parties, they could not have been simply substituted in accordance with the provisions of Rule 9(h).

**II. Amended Pleadings Pursuant to Rule 15(a).**

¶16. Veal argues that she obtained written consent from the original defendants to amend the complaint and, in accordance with Rule 15(a), she was entitled to file a Second Amended Complaint which "substituted" fictitious defendants without leave of the court. It is true that once a responsive pleading has been filed, a complaint may be amended by written consent

7

of the adverse party without leave of court. Rule 15(a) states in pertinent part:

> A party may amend a pleading as a matter of course at any time before a responsive pleading is served, or, if a pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within thirty days after it is served. . . Otherwise *a party may amend a pleading only by leave of court or upon written consent of the adverse party*; leave shall be freely given when justice so requires. . . .

Miss. R. Civ. P. 15(a) (emphasis added).

¶17. However, even where a plaintiff has obtained consent from the adverse party to amend the complaint, leave of court may still be required by a different rule. Where, as here, the amendment sought is to add new defendants, Mississippi Rule of Civil Procedure 21 is applicable, and requires an order from the court to add a new defendant. *See* 61A Am. Jur. 2d Pleading § 787 (stating that "when a proposed amendment seeks to add parties to the suit . . . Rule 21 provides that in such a situation, the parties must obtain approval of the amendment from the court."). Although we have not previously addressed this precise issue, it has been addressed by several federal circuit courts of appeal in interpreting analogous Federal Rules of Civil Procedure. Under such circumstances, we find this federal authority persuasive. *See Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1215 (Miss. 2001) (this Court looking to federal interpretations of our state counterparts as persuasive authority when interpreting the Mississippi Rules of Civil Procedure).

¶18. In *Moore v. Indiana*, the Seventh Circuit stated that "[a]lthough Rule 15(a) generally permits the plaintiff to amend his complaint once as a matter of course before a response pleading is served . . . the plaintiff's requested amendment required leave from the court because *it sought to assert claims against additional defendants*." 999 F.2d 1125, 1128 (7th

8

Cir. 1993) (emphasis added). Similarly, in ***Age of Majority Educ. Corp. v. Preller***, the Fourth Circuit held that, pursuant to Rule 21 of the Federal Rules of Civil Procedure, leave of the court is required to be "sought and obtained as a prerequisite to filing the amended complaint." 512 F.2d 1241, 1246 (4th Cir. 1975).

¶19. Veal's Second Amended Complaint includes new language which was included with consent from the original named defendants. If these amendments had been the only changes to the First Amended Complaint, leave of court would not have been necessary. *See* Miss. R. Civ. P. 15(a). However, because the Second Amended Complaint added new defendants, it also included an amendment which required court approval pursuant to Rule 21. Veal's failure to obtain court approval rendered the entire Second Amended Complaint improper. Therefore, we affirm the trial judge's order striking Veal's Second Amended Complaint.

## CONCLUSION

¶20. For the foregoing reasons, the orders of the Circuit Court of Washington County dismissing J.P. Morgan and Eaton Vance and striking Veal's Second Amended Complaint are affirmed.

¶21. **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., EASLEY AND RANDOLPH, JJ., CONCUR. DIAZ, P.J., AND GRAVES, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION. CARLSON, J., NOT PARTICIPATING.**