¶ 1. This appeal arises from the Circuit Court of Jasper County's dismissal of a complaint filed by Willie Mae Patterson Jones, et al., (hereinafter "Jones"). The Honorable Robert G. Evans ordered the complaint dismissed with prejudice because Jones failed to file the complaint before the statute of limitation ran on the statutory cause of action. Jones filed a motion for additional time in which to amend the complaint to allow a common law basis for recovery. Judge Evans heard arguments for Jones's motion for additional time and denied it. Instead, Judge Evans granted Jones's request for additional time in which to file an appeal. Having perfected said appeal to this Court, Jones complains of the following alleged error at trial:
 I. WHETHER THE TRIAL COURT ABUSED IT'S DISCRETION IN REFUSING TO ALLOW JONES TO AMEND THE COMPLAINT PURSUANT TO MISSISSIPPI RULES OF CIVIL PROCEDURE 12 AND 15 TO INCLUDE AN ALLEGATION OF COMMON LAW TRESPASS
Finding no merit to the allegation of error, we affirm.
 FACTS
¶ 2. The appellants are owners in common of a parcel of real property situated in Jasper County, Mississippi. On October 2, 1995, Jones filed a complaint in the Circuit Court of Jasper County seeking relief *Page 1245 
under § 95-5-10 (Rev. 1994)[1] of the Mississippi Code. The complaint alleged that Lovett or his agents wrongfully cut $25,000 worth of timber from the Jones property without consent during October or November of 1992. On January 26, 1996, Lovett filed an answer to the complaint. On May 13, 1997, Lovett filed a motion to dismiss alleging Miss. Code Ann. §95-5-29 (Rev. 1994) contained a one year statute of limitation barring the action. On July 12, 1997, the trial court dismissed the case based upon Lovett's statute of limitations argument. Shortly thereafter, on July 25, 1997, Jones filed a motion for an additional thirty days in which to amend the complaint pursuant to Rule 12(c) and 15(a) of the Mississippi Rules of Civil Procedure, hoping to add a claim for common law trespass to the complaint. In the alternative, Jones asked for an additional thirty days in which to file a notice of appeal. The trial court denied the motion to amend the complaint, but granted the motion for additional time to file notice of appeal.
 STANDARD OF REVIEW
¶ 3. The grant or denial of a motion for leave to amend a complaint is within the sound discretion of the trial court. McDonald v. Holmes, 595 So.2d 434, 436 (Miss. 1992). Appellate courts review such determinations under an abuse of discretion standard and unless convinced that the trial judge abused his discretion, we are without authority to reverse. McCarty v. Kellum,667 So.2d 1277, 1283 (Miss. 1995) (citing Frank v. Dore, 635 So.2d 1369, 1375 (Miss. 1994); Bourn v. Tomlinson *Page 1246 
Interest, Inc., 456 So.2d 747, 749 (Miss. 1984)).
 LEGAL ANALYSIS I. WHETHER THE TRIAL COURT ABUSED IT'S DISCRETION IN REFUSING TO ALLOW JONES TO AMEND HER COMPLAINT PURSUANT TO MISSISSIPPI RULES OF CIVIL PROCEDURE 12 AND 15 TO INCLUDE AN ALLEGATION OF COMMON LAW TRESPASS
¶ 4. Amendment of complaints is governed by Rule 15 of the Mississippi Rules of Civil Procedure. The Mississippi Supreme Court has found that motions for leave to amend are within the discretion of the trial court, and absent an abuse of that discretion, will not be reversed. Estes v. Starnes,732 So.2d 251, 252 (Miss. 1999); Frank v. Dore, 635 So.2d 1369, 1375 (Miss. 1994). In assessing whether or not an abuse of discretion has occurred in denying leave to amend a complaint, this Court has considered the following factors; length of time the case has been in the courts, deadlines for discovery that were imposed, additional discovery that would have been required to address the amended complaint, and generally what the "interests of justice" would require. JLG Concrete Prod. Co., Inc. v. City of Grenada,722 So.2d 1283, 1289 (Miss. Ct. App. 1998).
¶ 5. Jones filed the complaint demanding damages in the amount of $50,000 under Mississippi Code § 95-5-10 (Rev. 1994) for Lovett's wrongfully cutting down, destroying and/or taking away her trees. That particular statute serves as the sole and exclusive remedy for the wrongful cutting and removal of trees. McCain v. Memphis Hardwood Flooring Co., 725 So.2d 788, 791 (Miss. 1998). In McCain, our supreme court found that both the right and remedy to that cause of action were extinguished when the one year statute of limitations lapsed under Mississippi Code § 15-1-33
(Rev. 1995). McCain, 725 So.2d at 794. Mississippi Code §95-5-10 (1) is subject to the statute of limitations detailed in Miss. Code Ann. § 15-1-33 which sets out a one-year limitation on all actions and suits for any penalty or forfeiture on any penal statute brought by any person to whom the penalty or forfeiture is given in whole or in part. Id. at 794. Mississippi Code § 95-5-10
(2) is subject to the statute of limitations provided in Miss. Code Ann. § 95-5-29 which sets a two year time frame that limits actions filed under that statute. Id. at 794. Regardless of which one is applied, Jones's claim is barred under both applicable statutes of limitation. So preferred is the enforcement of the statute of limitations that language lauding its effect can be found throughout our judiciary's opinions. In Anderson v. Fred Wagner, the Mississippi Supreme Court upheld the constitutionality of Miss Code Ann.§ 15-1-41, stating:
 It has always been considered a proper function of legislatures to limit the availability of causes of action by the use of statutes of limitation so long as it is done for the purposes of protecting a recognized public interest. It is in the interest of the public that there be a definite end to the possibility of future litigation resulting from past actions. It is a permissible constitutional legislative function to balance the possibility of outlawing legitimate claims against the public need that at some definite time there be an end to potential litigation.
Anderson v. Fred Wagner, 402 So.2d 320, 322 (Miss. 1981) (quoting Josephs v. Burns, 260 Or. 493, 491 P.2d 203, 207-8 (1971)). For this reason alone, the facts of this case seem to warrant affirming the lower court. However, we will look to the crux of Jones's argument on appeal.
¶ 6. Essentially, Jones argues that Rule 15 and 12, when read together, provide an *Page 1247 
absolute right to amend the complaint. The pertinent part of the rules are as follows:
 M.R.C.P. 12. DEFENSES AND OBJECTIONS — WHEN AND HOW PRESENTED — BY PLEADING OR MOTION — MOTION FOR JUDGMENT ON THE PLEADINGS
 (c) Motion for Judgment on the Pleadings — After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. [H]owever, if on such a motion matters outside the pleadings are not presented, and if the motion is granted, leave to amend shall be granted in accordance with Rule 15(a).
 M.R.C.P. 15. AMENDED AND SUPPLEMENTAL PLEADINGS
 (a) Amendments — [F]or judgment on the pleadings, pursuant to Rule 12(c), thirty days leave to amend shall be granted, provided matters outside the pleadings are not presented at the hearing on the motion. . .leave shall be freely given when justice so requires.
 (emphasis added).
¶ 7. The highlighted portions in the above quoted rules are what Jones believes, when read together, secures her right to amend the complaint. Specifically, Jones argues that the word "shall" in Rule 15 removes this particular type of amendment from the judges discretion in denying leave to amend the complaint. The United States Supreme Court discussed amendments to complaints in Foman v. Davis, 371 U.S. 178 (1962), stating:
 Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded . . . if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rules require, be "freely given."
Foman, 371 U.S. at 182. Although that case dealt specifically with the Federal Rules of Civil Procedure, the Mississippi Supreme Court cited the language with approval in Red Enter., Inc. v. Peashooter, Inc., 455 So.2d 793, 795 (Miss. 1984).
¶ 8. When Jones, plaintiff below, filed her original complaint, she sought damages for the wrongful removal of timber from her property. Jones had full knowledge of all the facts that surrounded the situation since the offending act occurred almost exactly three years to the day before she filed the complaint. At that time, any new theory of recovery was known or should have been known to them. It is incumbent upon Jones to show a lack of knowledge of facts on which a new cause of action might be based. Bourn v. Tomlinson Interest Inc., 456 So.2d 747, 749-50 (Miss. 1984). In attempting to file the amendment, Jones failed to proffer those facts to the court. The record reflects that Jones wanted to amend the complaint to include common-law trespass and other common law and statutory remedies. Allowing her to do so would harvest fruitless results. The above quoted language from Red Enterprises and Foman allows for amendments to complaints to be freely amended in the absence of a reason to deny the amendment. One reason specifically listed as a basis for denial is the futility of the proposed amendment. The language of the statute and the language interpreting the statute in McCain clearly *Page 1248 
delineate Mississippi Code § 95-5-10 as her sole access to redress in a court of law for the wrongful cutting of trees. Applying this language to the facts of the case at bar, it becomes glaringly apparent that any motion to amend the complaint on common law trespass grounds is simply an attempt at an end-run around the firm letter of the law.
¶ 9. Further, our supreme court noted that an application to amend should be made promptly and not as the result of an inexcusable want of diligence. William Iselin Co., Inc. v. Delta Auction,433 So.2d 911, 913 (Miss. 1983) (quoting Osborne v. Vince,240 Miss. 807, 129 So.2d 345 (1961)). Although William Iselin Co., Inc. relied on a Mississippi Code section which has been replaced by the Mississippi Rules of Civil Procedure, the essence of the statute remains embodied in the rule. The court in William Iselin Co., Inc. also stated that the liberal stance taken by the courts in permitting amendments is not to be construed to encourage delay, laches and negligence. William Iselin Co., Inc., 433 So.2d at 913 (citing Griffith, Mississippi Chancery Practice § 392 (2d ed. 1950)). The supreme court reiterated its support of this position in Natural Mother v. Paternal Aunt,583 So.2d 614, 617 (Miss. 1991).
¶ 10. The motion to amend was not made to the trial court until after Jones's claim was dismissed with prejudice as time barred, approximately four years and ten months after the alleged wrongful cutting occurred and two sets of plaintiff's counsel later. This coupled with the other factors announced in JLG Concrete Products Co., Inc. do not support reversing the trial court as we cannot say that an abuse of discretion occurred. The holding of the trial court is therefore,
Affirmed.
¶ 11. THE JUDGMENT OF THE JASPER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., DIAZ, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
[1] The statute is presented below in its entirety.
 § 95-5-10 (Rev. 1994). — Cutting down or killing trees
 (1) If any person shall cut down, deaden, destroy or take away any tree without the consent of the owner of such tree, such person shall pay to the owner of such tree a sum equal to double the fair market value of the tree cut down, deadened, destroyed or taken away, together with the reasonable cost of reforestation, which cost shall not exceed Two Hundred Fifty Dollars ($250.00) per acre. The liability for the damages established in this subsection shall be absolute and unconditional and the fact that a person cut down, deadened, destroyed or took away any tree in good faith or by honest mistake shall not be an exception or defense to liability. To establish a right of the owner prima facie to recover under the provisions of this subsection, the owner shall only be required to show that such timber belonged to such owner, and that such timber was cut down, deadened, destroyed or taken away by the defendant, his agents or employees, without the consent of such owner. The remedy provided for in this section shall be the exclusive remedy for the cutting down, deadening, destroying or taking away of trees and shall be in lieu of any other compensatory, punitive or exemplary damages for the cutting down, deadening, destroying or taking away of trees but shall not limit actions or awards for other damages caused by a person.
 (2) If the cutting down, deadening, destruction or taking away of a tree without the consent of the owner of such tree be done willfully, or in reckless disregard for the rights of the owner of such tree, then in addition to the damages provided for in subsection (1) of this section, the person cutting down, deadening, destroying or taking away such tree shall pay to the owner as a penalty Fifty-five Dollars ($55.00) for every tree so cut down, deadened, destroyed or taken away if such tree is seven (7) inches or more in diameter at a height of eighteen (18) inches above ground level, or Ten Dollars ($10.00) for every such tree so cut down, deadened, destroyed or taken away if such tree is less than seven (7) inches in diameter at a height of eighteen (18) inches above ground level, as established by a preponderance of the evidence. To establish the right of the owner prima facie, to recover under the provisions of this subsection, it shall be required of the owner to show that the defendant or his agents or employees, acting under the command or consent of their principal, willfully and knowingly, in conscious disregard for the rights of the owner, cut down, deadened, destroyed or took away such trees.
 (3) All reasonable expert witness fees and attorney's fees shall be assessed as court costs in the discretion of the court.