925 So.2d 884 (2005)
SOUTHERN WIN-DOR, INC., Appellant
v.
RLI INSURANCE COMPANY, Appellee.
No. 2004-CA-01595-COA.
Court of Appeals of Mississippi.
October 25, 2005.
Rehearing Denied February 7, 2006.
Certiorari Denied April 6, 2006.
*885 William C. Hammack, Michael Wayne Strahan, Meridian, attorneys for appellant.
Russell S. Gill, Marilyn Hattie David, Biloxi, attorneys for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
IRVING, J., for the Court.
¶ 1. RLI Insurance Co. (RLI) issued a security bond for a construction project undertaken by Green Construction Co., Inc. (Green). In connection with the construction, Southern Win-Dor, Inc. (Southern) delivered materials to Green that Southern alleges Green never paid for. Southern entered into litigation with Green in 2000; after Green declared bankruptcy in 2003, Southern attempted to substitute RLI for Green in its lawsuit. The trial court dismissed the action against RLI because the applicable statute of limitations had run.
¶ 2. Feeling aggrieved, Southern appeals, asserting: (1) the statute of limitations should not apply because RLI was joined in an amended complaint that should relate back to the original March 2000 complaint; and (2) even if there is no relation back, RLI should be estopped from asserting the statute of limitations as a defense because RLI misled Southern.
¶ 3. Finding no error in the decision below, we affirm.

FACTS
¶ 4. On May 20, 1998, RLI issued a bond in connection with a construction project by Green, under which RLI and Green agreed to bind themselves to pay for the labor, materials, and equipment related to the project. Southern had a contract with Green to supply materials for the construction *886 contract. In December 1999, Green filed a complaint for breach of contract against Southern. On March 7, 2000, Southern filed a counterclaim against Green. Southern also filed a proof of claim with RLI under RLI's payment bond. RLI responded on March 10, 2000, by denying the claim pending the outcome of Southern's litigation with Green.[1]
¶ 5. During the litigation between Southern and Green, Green failed to produce court-ordered discovery, and its pleadings were struck in January 2002 as a result. In December 2002, the trial court set aside its order striking Green's pleadings. In March 2003, Green filed for bankruptcy. On January 12, 2004, the trial court entered an order allowing Southern to substitute RLI for Green, and Southern filed an amended counterclaim with the substitution on February 20, 2004. RLI filed a motion to dismiss on March 19, 2004, on the grounds that it had not been made a party to the suit within one year after the performance and settlement of the construction contract as required by statute. In July 2004, the court granted RLI's motion to dismiss with prejudice, finding that Southern's claim against RLI was barred by the time limitation set out in Mississippi Code Annotated section 31-5-53 (Rev. 2000). Southern now appeals the dismissal of its claim against RLI.

STANDARD OF REVIEW
¶ 6. This court conducts challenges to a trial court's rulings of law, including statute of limitations issues, under a de novo standard of review. ABC Mfg. Corp. v. Doyle, 749 So.2d 43(¶ 10) (Miss.1999) (citing Ellis v. Anderson Tully Co., 727 So.2d 716(¶ 14) (Miss.1998)).

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. As a preliminary matter, it is undisputed that Southern's claim against RLI is barred by the statute of limitations unless we find either that its claim properly relates back or that RLI is barred from raising the statute of limitations by the principle of equitable estoppel.

(1) Relation Back
¶ 8. Southern first asks this court to find that its claim properly relates back under Mississippi Rules of Civil Procedure 15(c) (Relation Back of Amendments), which states:
Whenever the claim . . . arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment: (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
M.R.C.P. 15(c) (emphasis added).
Southern argues that its amendment relates back because Southern was mistaken *887 in relying on the express representations of RLI. Southern admits that it was not mistaken as to the identity of any party to the suit. Unfortunately for Southern, mistaken reliance is not a substitute for the M.R.C.P. requirement that a party be mistaken as to the identity of another party to the suit. Therefore, Southern's argument for relation back is without merit because there is no evidence, or even a contention by Southern, that it was mistaken as to the identity of any party to its suit. Thus, the only possible remedy left to Southern is equitable estoppel.

(2) Equitable Estoppel and the Statute of Limitations
¶ 9. One of the first Mississippi cases to apply the doctrine of equitable estoppel to a statute of limitations held that:
when a defendant electing to set up the statute of limitations has previously, by deception or any violation of duty towards plaintiff, caused him to subject his claims to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold. Thus defendant will be estopped to set up the statute of limitations in bar of plaintiff's claim when the delay which would otherwise give operation to the statute has been induced by the promise or representation that the statutory bar would not be interposed, or by inducing plaintiff to believe that an amicable adjustment of the claim will be made without suit, or by other forbearance to sue induced by defendant. . . .
Izard v. Mikell, 173 Miss. 770, 163 So. 498, 499 (1935). Southern cites Izard and urges us to find that equitable estoppel should be applied in its case as a result.
¶ 10. However, the case sub judice can be factually distinguished from Izard. In Izard, the court found that estoppel applied to allow a foreclosure sale, even though the statute of limitations had passed, where the debtor had promised to renew his promissory note after the statutory deadline had passed as long as the plaintiff did not foreclose on the property. Id. at 771-72, 163 So. at 499-500. In this case, unlike in Izard, there was no promise by RLI sufficient to have induced Southern not to timely sue. The March 10, 2000 letter from RLI merely stated that RLI was denying Southern's claim preemptively, pending the outcome of the litigation between Green and Southern. There was no promise that RLI would pay Southern's claim. In fact, RLI explicitly retained "all rights and defenses " including the right to assert a statute of limitations defense. There is no evidence that RLI promised Southern that it would be able to sue RLI after the statute of limitations had run. Nothing in the correspondence between RLI and Southern indicates that RLI was requesting that suit not be filed. Once Southern received the March 10 letter from RLI, it could have sued RLI to recover on the claim; nothing in the letter from RLI to Southern indicates that RLI was opposed to this remedy.
¶ 11. Additionally, under Mississippi law, a party is required to show inequitable or fraudulent conduct in order to estop another party from asserting a statute of limitations defense. Miss. Dep't of Pub. Safety v. Stringer, 748 So.2d 662, 665(¶ 11) (Miss.1999) (citing Carr v. Town of Shubuta, 733 So.2d 261, 265(¶ 12) (Miss. 1999)). Southern has failed to meet this requirement. While RLI could have better handled Southern's claim, no evidence has been presented showing that RLI's conduct was inequitable or fraudulent. While it is true that Stringer can be distinguished from the case sub judice because there was no representation in Stringer that expressly conditioned final determination *888 of the plaintiff's claim on the outcome of another litigation, Southern still must show inequitable or fraudulent conduct. For the following reasons, Southern has failed to show either of these and thus is barred from invoking equitable estoppel against RLI.
¶ 12. Southern has presented no evidence that RLI intended to defraud Southern with its March 10 letter, which stated only that Southern's claim was preemptively rejected, pending the outcome of the suit between Green and Southern. Although Southern intimates that the delays in its suit with Green were possibly part of a conspiracy between Green and RLI to defraud Southern, this appears to be mere speculation on the part of Southern, since it presents no evidence to substantiate its accusation. Southern also has not offered any evidence showing inequitable conduct by RLI; after RLI's letter, there is no evidence of any communication between Southern and RLI until Southern attempted to substitute RLI for Green in its lawsuit. Since Southern has shown neither inequitable nor fraudulent conduct, RLI is not estopped from raising the statute of limitations as a bar to suit.

CONCLUSION
¶ 13. The pleadings and evidence produced by the parties strongly indicate that Southern genuinely believed from RLI's letter that Southern should have withheld pursuing its claim until after the lawsuit with Green. Unfortunately, Southern has not provided any sound legal basis for a ruling in its favor. There was no "mistake" as to the identity of RLI/Green in the original counterclaim, so the amended counterclaim cannot relate back to the original counterclaim. Equitable estoppel should only be applied against the statute of limitations in the most egregious of cases, because
[t]he primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. . . . They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time. Accordingly, the fact that a barred claim is a just one or has the sanction of a moral obligation does not exempt it from the limitation period. These statutes of repose apply with full force to all claims and courts cannot refuse to give the statute effect merely because it seems to operate harshly in a given case. The establishment of these time boundaries is a legislative prerogative.
Cole v. State, 608 So.2d 1313, 1317-18 (Miss.1992) (cited in Stringer as support for why equitable estoppel should be applied sparingly to any statute of limitations. Stringer, 748 So.2d at (¶ 13)). Southern has failed to show conduct by RLI sufficient to justify estopping RLI from invoking the statute of limitations as a defense. Since we find that Southern's amended claim does not properly relate back and RLI is not estopped from shielding itself with the statute of limitations, the judgment below dismissing Southern's claim must be affirmed.
¶ 14. The dissent argues that we do not appreciate the significance of RLI's response to Southern that Southern's claim was denied pending the outcome of Southern's litigation against Green. Quite the contrary, we do appreciate the significance of RLI's response in this regard. We just believe that we must consider the entirety of what RLI said in its March 10 letter. Even if RLI, by use of the term "pending," was indicating that it was deferring decision on Southern's claim until the litigation between Southern and Green had concluded, *889 it also, by use of the statement, "[we] make no waivers and reserves all rights and defenses", was indicating and placing Southern on notice that any claim Southern had against it would become time barred if the litigation between Southern and Green had not concluded prior to the running of the statute of limitations on any claim Southern might have against RLI. Otherwise, the statement: "RLI Insurance Company makes no waivers and reserves all rights and defenses" becomes meaningless.
¶ 15. For the reasons discussed, we affirm the judgment of the court below.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY DISMISSING APPELLANT'S CLAIM IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., MYERS, BARNES AND ISHEE, JJ., CONCUR. GRIFFIS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, P.J., AND CHANDLER, J.
GRIFFIS, J., CONCURRING IN PART, DISSENTING IN PART:
¶ 17. I concur with the majority on issue 1 and dissent as to issue 2. I am of the opinion that RLI is estopped from asserting the benefit of the one year statute of limitations pursuant to Mississippi Code Annotated Section 31-5-53 (Supp. 2004). I would reverse and remand for further proceedings.
¶ 18. The majority and I consider the same legal principle. We simply disagree on the interpretation and the result. In Izard v. Mikell, 173 Miss. 770, 163 So. 498, 499 (Miss.1935), the Mississippi Supreme Court held:
[T]he prevailing rule is that the doctrine of equitable estoppel may, in a proper case, be invoked to prevent defendant from relying upon the statute of limitations, it being laid down as a general principle that, when a defendant electing to set up the statute of limitations has previously, by deception or any violation of duty towards plaintiff, caused him to subject his claims to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold. Thus defendant will be estopped to set up the statute of limitations in bar of plaintiff's claim when the delay which would otherwise give operation to the statute has been induced by the promise or representation that the statutory bar would not be interposed, or by inducing plaintiff to believe that an amicable adjustment of the claim will be made without suit, or by other forbearance to sue induced by defendant, or by defendant's husband as her agent.
(emphasis added). The majority looks to the portion of this language that refers to a promise made. I, on the other hand, look at whether there was "any violation of duty towards plaintiff," and then whether RLI induced Southern to "believe that an amicable adjustment of the claim will be made without suit." Id. I find the facts of this case squarely within Izard.
¶ 19. The proper analysis begins with whether RLI violated a duty toward Southern. To do so, we must look at the relevant terms of the Payment Bond, i.e., the contract under which Southern claims it is owed payment. The terms of the Payment Bond, between Green Construction, Inc., as Contractor, and RLI Insurance Company, as Surety, provided:
3. With respect to Claimants [Southern], this obligation shall be null and void if Contractor [Green] promptly *890 makes payment directly or indirectly, for all sums due.
4. The Surety [RLI] shall have no obligation to Claimants under this Bond until:
4.1 Claimants who are employed by or have a direct contract with the Contractor have given notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.
6. When the Claimant ______ satisfied the conditions of Paragraph 4, the Surety _____ promptly and at the Surety's expense take the following actions:[2]
6.1 Send an answer to the Claimant, with a copy to the Owner, within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.
6.2 Pay or arrange payment of any undisputed amounts.
11. No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction. . . .
¶ 20. The Contractor, Green, commenced the instant litigation by filing its complaint against Southern on December 13, 1999. Green claimed that Southern breached its contract and asked for an award of compensatory damages of at least $200,000 and punitive damages.
¶ 21. The material supplier, Southern, believed that it was owed money by Green. Indeed, by letter dated February 22, 2000, RLI acknowledged receipt of Southern's claim documents and requested a completed proof of claim form. On February 29, 2000, Southern executed RLI's proof of claim form and delivered it to RLI.
¶ 22. At this point, Southern had met its obligation under paragraph 4.1 of the Payment Bond. Submission of the proof of claim form then shifted the obligation to RLI, under paragraph 6, to either:
6.1 Send an answer to the Claimant, with a copy to the Owner, within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

6.2 Pay or arrange payment of any undisputed amounts.

(emphasis added). Thus, RLI owed a contractual duty to Southern to respond in one of three ways. First, RLI could simply pay the entire claim. Second, RLI could deny the entire claim and provide Southern with an "answer" that states the "basis for challenging any amounts that are disputed." The third alternative would have been for RLI to acknowledge that a portion of the claim was disputed and a portion was undisputed. If so, RLI was required to pay any undisputed amounts and provide Southern with an "answer" that states the "basis for challenging any amounts that are disputed." The record is clear that RLI failed to meet its obligation and duty under paragraph 6. It did not respond to Southern in any of these three ways.
*891 ¶ 23. On March 7, 2000, before receiving the "answer" required under paragraph 6, Southern filed its counterclaim asking for $53,553.32 for materials delivered.
¶ 24. RLI's "answer" was communicated to Southern by letter dated March 10, 2000. RLI's letter read:
RLI Insurance Company received your proof of claim form and the accompanying documents. We have also received a response from Green Construction, Inc. in relation to the claim.
As you are aware, there is a lawsuit against your company in the Circuit Court of Green (sic) County, Mississippi by Green Construction, Inc. for damages. Pending the outcome of this litigation against you your claim is denied by the Surety.

RLI Insurance Company makes no waivers and reserves all rights and defenses.
(emphasis added).
¶ 25. The first paragraph of this letter clearly indicates that Southern met its contractual obligation under paragraph 4 of the Payment Bond.
¶ 26. The second paragraph appears to be RLI's "answer," which was required by paragraph 6 of the Payment Bond. However, RLI does not respond in an appropriate manner as contemplated by paragraph 6. Instead, in the first sentence of this paragraph, RLI acknowledged the existing dispute and identified the lawsuit filed by Green, the Contractor, against Southern, the material supplier. The second sentence is the only portion of the letter that could possibly be considered as an "answer." RLI's "answer" was that:
Pending the outcome of this litigation against you your claim is denied by the Surety.
Undoubtedly, RLI's "answer" is confusing. The majority seems to dismiss or ignore this language. I cannot! Instead, I am convinced that the outcome of this case is determined by the interpretation of this statement by RLI.
¶ 27. This language is certainly not the "answer" contemplated by paragraph 6 of the Payment Bond. It is not very well written. It does not clearly communicate that Southern's claim is denied in full. If it did so, there would be no need for the inclusion of "[p]ending the outcome of this litigation."
¶ 28. The third paragraph says that RLI "makes no waivers and reserves all rights and defenses." The majority concludes that this language retained the right to assert a statute of limitations defense. In my opinion, RLI's second and third paragraphs are in direct conflict with each other.
¶ 29. When I consider the sequence of events, I have a better understanding of exactly what RLI said in its March 10, 2000 letter. When this letter was written, there were two claims before the court. First, Green sued Southern and demanded $200,000 plus punitive damages. Next, Southern counterclaimed against Green and demanded $53,553.32. Under the terms of the Payment Bond, specifically paragraph 3, RLI would owe nothing to Southern if Green prevailed in the lawsuit. Paragraph 3 provides that "this obligation [the Payment Bond] shall be null and void if Contractor promptly makes payment directly or indirectly, for all sums due." Thus, RLI had a legitimate reason and a contractual basis to want to wait to allow Green and Southern to resolve their dispute through the Mississippi courts.
¶ 30. The majority distinguishes this case from Izard finding "there was no promise by RLI sufficient to have induced Southern not to timely sue." I disagree. *892 RLI's March 10th letter clearly failed to comply with its contractual duty in paragraph 6 of the Payment Bond. In the letter, RLI neither unequivocally denied Southern's claim nor did RLI provide Southern with an "answer" that states the "basis for challenging any amounts that are disputed." There is no doubt that Southern had met its duty under the Payment Bond, by submitting the proof of claim required by paragraph 4, and RLI had a duty to Southern to either pay or deny Southern's claim. If it denied the claim, RLI owed a duty to Southern to provide Southern with an "answer" that states the "basis for challenging any amounts that are disputed." I am of the opinion that RLI's March 10th letter informed Southern that RLI would assert its contractual right, under paragraph 3, to determine whether any sums were owed by Green to Southern. The use of the term "pending" clearly indicates that RLI's adjustment of the claim remains open and will be decided later. Thus, RLI expressly deferred its duty, under paragraph 6, to provide Southern with an answer on its claim until such time as the pending litigation between Green and Southern was decided.
¶ 31. These facts fall squarely under the doctrine of equitable estoppel defined in Izard. RLI may not assert statute of limitations as a defense where RLI has violated a duty to Southern that caused Southern to "subject his claims to the statutory bar." The doctrine of equitable estoppel will not allow RLI to "wrongfully" obtain an advantage "by inducing [Southern] to believe that an amicable adjustment of the claim will be made without suit." Southern has clearly met the requirements of this doctrine. RLI seeks to obtain an advantage, wrongfully in my opinion, through its March 10th letter that indicated that Southern's claim would be adjusted after the Green versus Southern litigation was resolved.
¶ 32. The majority interprets the March 10th letter to be a preemptive denial of Southern's claim. They reason "[t]here was no promise that RLI would pay Southern's claim." Conversely, there was no explicit and unequivocal denial of the claim. The majority cannot, and does not, claim that RLI complied with its contractual duty under paragraph 6 of the Payment Bond. Instead, all we have is the vague and ambiguous wording that ties RLI's decision on Southern's claim to the pending litigation.
¶ 33. The majority also concludes that Southern "could have sued RLI to recover on the claim; nothing in the letter from RLI to Southern indicates that RLI was opposed to this remedy." RLI's own words belie this conclusion. Indeed, RLI's own communication ties the "answer," required under paragraph 6, to the resolution of the "pending litigation."
¶ 34. The only reasonable interpretation of RLI's language "[p]ending the outcome of this litigation against you your claim is denied by the Surety" is that RLI deferred its review of and decision on Southern's claim until the Green versus Southern lawsuit was resolved. The only problem was that when Green subsequently declared bankruptcy, federal bankruptcy law prohibited the "pending . . . litigation" from being completed between the original parties. Instead, at that point, RLI became a necessary party and should have been properly joined. The doctrine of equitable estoppel prevents RLI from claiming that the statute of limitations now bars Southern's claim for payment.
¶ 35. The majority seems to place great emphasis on the language in the third paragraph of the March 10th letter, that RLI "makes no waivers and reserves all rights and defenses." I fail to see how *893 this general statement can override the inference created by the second paragraph that RLI would consider Southern's claim pending the outcome of the Green versus Southern litigation. Every contract contains an inherent duty of good faith and fair dealing. Cenac v. Murry, 609 So.2d 1257, 1272 (Miss.1992). "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." Id. In Cothern v. Vickers, 759 So.2d 1241, 1248(¶ 17) (Miss.2000), the court determined that the covenant requires that "neither party will do anything which injures the right of the other to receive the benefits of the agreement." The covenant not only imposes a duty not to prevent or hinder the other party's performance, but may impose a duty "to take some affirmative steps to cooperate in achieving these goals." Cenac, 609 So.2d at 1272. At a minimum, the covenant of good faith and fair dealing demands that RLI not be allowed to now claim that the statute of limitations bars Southern's recovery after it violated its duty under paragraph 6 of the Payment Bond and expressly stated that RLI's consideration would be pending the outcome of the present litigation.
¶ 36. For these reasons, I respectfully dissent from the majority's decision. I would reverse and remand this case for further proceedings before the Circuit Court of Greene County, Mississippi.
BRIDGES, P.J., AND CHANDLER, J., JOIN THIS SEPARATE OPINION.
NOTES
[1] The letter read: "RLI Insurance Company received your proof of claim form and the accompanying documents. We have also received a response from Green Construction, Inc. in relation to the claim. As you are aware, there is a lawsuit against your company in the Circuit Court of Green [sic] County, Mississippi by Green Construction, Inc. for damages. Pending the outcome of this litigation against you your claim is denied by the Surety. RLI Insurance Company makes no waivers and reserves all rights and defenses."
[2] The exact wording of this paragraph is not discernable from the record. The copies of the Payment Bond, which are contained in the record, either have holes punched through this language or this language is blank on the copies. Despite this omission, we are able to understand that the wording contained in this paragraph established the duties of the Surety once the Claimant has submitted a notice of claim.