987 So.2d 477 (2008)
H.L. MERIDETH, Jr., Appellant
v.
Philip T. MERIDETH, M.D., Appellee.
No. 2007-CP-00501-COA.
Court of Appeals of Mississippi.
July 1, 2008.
*478 H.L. Merideth, Jr., appellant, pro se.
Donald James Blackwood, Robert Louis Goza, Lindsey McGee Turk, Ridgeland, attorneys for appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
*479 MYERS, P.J., for the Court.
¶ 1. H.L. "Sonny" Merideth, Jr., asks whether the chancery court erred in granting Dr. Philip T. Merideth's motion to dismiss. Sonny also seeks review of the chancery court's denial of his motion to amend the complaint and its imposition of sanctions, in the form of attorneys' fees and expenses, against him. Philip, in his reply brief, requests an award of attorneys' fees and costs associated with this appeal. Finding no error in the decision of the chancery court to deny Sonny's motion to amend and dismiss the case, we affirm. As to Philip's request for attorneys' fees and costs associated with this appeal, we decline to impose any additional sanctions.

FACTS AND PROCEDURAL HISTORY
¶ 2. This suit arose from a promissory note signed and dated May 7, 1997, by Philip, Sonny's son. The promissory note was payable to Sonny in the amount of $21,000 and was payable in monthly installments of $1,500, beginning on September 1, 1998, and ending with final payment on October 1, 1999. Sonny filed the current action against Philip on July 24, 2006, and subsequently filed a motion to amend the complaint on September 11, 2006, based upon equitable estoppel. In the amended complaint, Sonny also charged that the statute of limitations was tolled due to Philip's possible two year absence from Mississippi.
¶ 3. Prior to the litigation in the current case, these parties have not been strangers in the Mississippi courts. For a better understanding of the facts before us today, we briefly revisit the previous cases between father and son. In the first case arising between father and son, Sonny filed suit asking for a declaratory judgment adjudicating that his last will and testament was valid. Sonny sought to have Philip and Philip's wife appear in Yazoo County for the hearing. However, Philip's wife was over eight months pregnant, so they were unable to attend the hearing. Philip notified the court of his reasons for failing to appear in court, but Sonny filed a motion for contempt against Philip for failure to appear. Philip filed a motion for entry of a default judgment, which ended the case in favor of Sonny.
¶ 4. In subsequent litigation, Sonny sought to void a deed whereby he had granted Philip an undivided one-half interest in approximately twenty acres of land abutting forty acres of land owned by Sonny. Sonny wanted to sell his forty acres, but that sale was made contingent upon Philip also selling his interest in the abutting twenty acres. Sonny filed suit, claiming there was an oral condition on his conveyance to Philip of the interest that had not been satisfied. Eventually, Philip agreed to sell his interest in the twenty acres to preserve the sale of Sonny's abutting forty acres of land, thus avoiding any further litigation on the issue.
¶ 5. After resolution was obtained regarding the sale of the two parcels of land, the instant case was filed by Sonny. Sonny filed suit to enforce a promissory noted signed by Philip. Philip subsequently notified Sonny by letter that his claim was barred by the statute of limitations and warned him that if he failed to dismiss it, Philip would move for sanctions and attorneys' fees. As a result of this litigious history, Philip also asked the chancery court to enjoin Sonny from filing any more lawsuits without first obtaining leave of court to do so.
¶ 6. Philip filed a motion to dismiss and a motion for sanctions and injunctive relief, all of which were heard in one motion hearing. Philip sought dismissal of the case on the grounds that the statute of *480 limitations had expired some four years earlier on October 1, 2002. Additionally, Philip asked the chancery court to award attorneys' fees and expenses pursuant to Rule 11 of the Mississippi Rules of Civil Procedure and the Mississippi Litigation Accountability Act because this was the third lawsuit Philip was required to defend against Sonny since April 2005.
¶ 7. Sonny argued at the motion hearing that the applicable statute of limitations was six years for a note under the Uniform Commercial Code, not the three-year statute of limitations claimed by Philip. Sonny also filed a motion to amend the complaint, which was addressed by the chancery court in that same hearing, to plead equitable estoppel and to assert the tolling of the statute of limitations due to Philip's alleged absence from Mississippi for two years, tolling the time period for the period of time Philip was living outside the state.
¶ 8. The chancery court determined that Sonny's motion to amend would be futile since the statute of limitations had already run. The chancery court also found that maintenance of the claim, after receiving notice that Philip planned to use the statute of limitations as a defense, was frivolous and without justification. At a later hearing, the chancery court granted Philip attorneys' fees and expenses in the amount of $8,298.09 in recognition of the frivolous nature of the suit, but the court declined to enjoin Sonny from filing any more lawsuits without first getting permission from the court. Sonny now appeals from the judgment denying his motion to amend, dismissing his case, and charging him with attorneys' fees and costs associated with Philip's defense of the suit.

STANDARD OF REVIEW
¶ 9. An appellate court will reverse a trial court's denial of a motion to amend the complaint when it is determined that the refusal was an abuse of discretion. Webb v. Braswell, 930 So.2d 387, 392(¶ 8) (Miss.2006) (citation omitted). A trial court's determination of the applicable statute of limitations is a question of law, which is reviewed de novo. Jackpot Miss. Riverboat, Inc. v. Smith, 874 So.2d 959, 960(¶ 4) (Miss.2004). Further, an appellate court will "apply a de novo standard when reviewing the granting of a M.R.C.P. 12(b)(6) motion." Patrick v. Shields, 912 So.2d 1114, 1116(¶ 8) (Miss.Ct.App.2005) (citing Roberts v. New Albany Separate Sch. Dist., 813 So.2d 729, 730(¶ 4) (Miss. 2002)). Finally, a trial court's decision to award or deny attorneys' fees and costs will be reviewed by an appellate court under an abuse of discretion standard. Bailey v. Estate of Kemp, 955 So.2d 777, 787(¶ 41) (Miss.2007).

DISCUSSION

I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING SONNY'S MOTION TO AMEND THE COMPLAINT.

A. WHETHER IT WAS ERROR TO DENY THE AMENDMENT DUE TO ITS FUTILITY BASED ON A FINDING THAT THE STATUTE OF LIMITATIONS HAD RUN.
¶ 10. Sonny argues that the chancery court erred in denying his motion to amend the complaint based on the fact that amendment would still render the claim futile. Sonny contends that the appropriate standard to determine whether a claim should be deemed futile and thus not allowed to be amended has not been articulated by the Mississippi Supreme Court. Sonny argues that in order to determine futility of an amendment, this Court should use the same standard employed for a Mississippi Rule of Civil Procedure *481 12(b)(6) motion, citing to Stripling v. Jordan Production Co., 234 F.3d 863 (5th Cir.2000) in support of his argument. Sonny argues that under a Rule 12(b)(6) motion, a court "may not dismiss a complaint... `unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 873 (citation omitted). Sonny contends that the chancery court improperly used a summary judgment motion standard when evaluating his motion to amend and determining it was futile. Sonny submits that the chancery court should have determined whether the pleadings themselves stated a claim for relief, and further, that the chancery court, using the Rule 12(b)(6) standard, should not consider facts outside the pleadings. Sonny argues that the chancery court applied an incorrect legal standard to determine whether the proposed amended complaint was futile and urges this Court to adopt the measure of futility used by the federal courts. Additionally, Sonny argues that if this measure is adopted, then the amended allegations should be taken as true and his amendment should be allowed.
¶ 11. Philip disputes Sonny's contention that according to Stripling, 234 F.3d at 873, this Court should deny his motion only if it appears beyond a reasonable doubt that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Philip cites to Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1968, 167 L.Ed.2d 929 (2007), where he notes the Supreme Court's observation that:
This "no set of facts" language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings....
However, Philip notes that the Supreme Court went on to say that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. "Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. Philip argues that Sonny did not allege sufficient information to make the pleading plausible on its face, and the allegations were merely conclusory.
¶ 12. Philip additionally contends that the chancery court applied the correct standard and did not abuse its discretion by denying the amendment. Philip points out that in his response to the plaintiff's motion to amend the complaint, filed on October 9, 2006, he asked the chancery court to convert his motion to dismiss into a motion for summary judgment if the court found it necessary to look at evidence beyond the pleadings. Mississippi Rule of Civil Procedure 12(b), states in part that:
If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56; however, if on such a motion matters outside the pleadings are not presented, and if the motion is granted, leave to amend shall be granted in accordance with Rule 15(a).
Here, Philip argues he complied completely with the rule, and ten days notice is all that is required to convert the motion, which was given in this case. City of *482 Gulfport v. Orange Grove Utils., Inc., 735 So.2d 1041, 1047(¶ 21) (Miss.1999).
¶ 13. Under Mississippi Rule of Civil Procedure 15(a), "[a] party may amend a pleading as a matter of course at any time before a responsive pleading is served, or, if a pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within thirty days after it is served." "Otherwise a party may amend a pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires." Id.
¶ 14. The Mississippi Supreme Court has explained that leave to amend should be freely given by the court, stating:
[i]n the absence of any apparent or declared reasonsuch as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.....
Moeller v. Am. Guar. & Liab. Ins. Co., 812 So.2d 953, 962(¶ 28) (Miss.2002) (quoting Estes v. Starnes, 732 So.2d 251, 252(¶ 4) (Miss.1999)). Therefore, amendments should be freely allowed unless the proposed amendment would still render the claim futile. Jones v. Lovett, 755 So.2d 1243, 1247(¶ 8) (Miss.Ct.App.2000). Additionally, "an application to amend should be made promptly and not as the result of an inexcusable want of diligence." Jones, 755 So.2d at 1248(¶ 9) (citing William Iselin and Co. v. Delta Auction & Real Estate Co., 433 So.2d 911, 913 (Miss.1983)).
¶ 15. A trial court's denial of a motion to amend will only be reversed by an appellate court if the refusal is an abuse of discretion. Jones, 755 So.2d at 1246(¶ 4) (citing Estes, 732 So.2d at 252(¶ 4)). Mississippi courts have considered the following factors in the past to help determine whether a trial court abused its discretion in denying leave to amend a complaint: "length of time the case has been in the courts, deadlines for discovery that were imposed, additional discovery that would have been required to address the amended complaint, and generally what the `interests of justice' would require." Id. (citing JLG Concrete Prods. Co. v. City of Grenada, 722 So.2d 1283, 1289(¶ 31) (Miss.Ct.App.1998)).
¶ 16. Furthermore, "[i]t has always been considered a proper function of legislatures to limit the availability of causes of action by the use of statutes of limitation so long as it is done for the purposes of protecting a recognized public interest." Jones, 755 So.2d at 1246(¶ 5) (citing Anderson v. Fred Wagner and Roy Anderson, Jr., Inc., 402 So.2d 320, 322 (Miss.1981)). It is also true that "[i]t is in the interest of the public that there be a definite end to the possibility of future litigation resulting from past actions." Id. Therefore, "[i]t is a permissible constitutional legislative function to balance the possibility of outlawing legitimate claims against the public need that at some definite time there be an end to potential litigation." Id.
¶ 17. The chancery court in this case found that an amendment would still render Sonny's claim futile under either theory he presented, i.e., the tolling of the statute of limitations due to Philip's absence from the state or due to inequitable conduct on the part of Philip. We find no abuse of discretion in the chancery court's denial of the motion to amend the complaint and accordingly affirm. We discuss each of Sonny's arguments in detail below.

*483 i. WHETHER THE STATUTE OF LIMITATIONS WAS TOLLED DUE TO PHILIP'S ABSENCE FROM THE STATE, THUS MAKING THE AMENDED COMPLAINT PROPER.
¶ 18. Sonny argues that the statute of limitations may have been tolled under Mississippi Code Annotated section 15-1-63 (Rev.2003), due to Philip's alleged absence from the state for two years during the time the note was due. Philip argues in response that the chancery court's denial of the proposed amendment was proper because the amendment would have proved futile since prior discovery established that Philip had lived in Mississippi continuously since June 1998. Philip points out that because the note did not mature and trigger the statute of limitations until October 1, 1999, it was irrelevant whether he may have lived out of state prior to June 1998.
¶ 19. The chancery court held that Sonny's attempts to amend his complaint would be futile, even after considering his two arguments in support of his proposed amendment. First, the chancery court held that earlier discovery revealed that Philip had lived continuously in the state since 1998, before the first installment on the note became due. Additionally, the chancery court determined that the argument that Philip's absence from the state tolled the statute of limitations was meritless and would not prevent dismissal of Sonny's case.
¶ 20. We find that Sonny's amendment would have been futile because the statute of limitations had already run, and the doctrine of equitable estoppel was inapplicable. In the instant case, the motion to dismiss was filed on August 24, 2006, one month after Sonny filed suit. Sonny did not file a motion to amend his complaint until September 11, 2006. Further, previous discovery had already established, by an affidavit from Philip, that he was present in Mississippi. The chancery court, in its order, made several findings. First, the chancery court determined that regardless of whether a three- or six-year statute of limitations applied, Sonny's claim would still be without merit. The chancery court reasoned that the six-year statute of limitations for promissory notes under Mississippi Code Annotated 75-3-118 (Rev.2000) was not applicable because the note was not payable to bearer or order; thus, it was not a negotiable instrument. Therefore, the chancery court held that the general three-year statute of limitations applied. The chancery court reasoned that October 2, 1999, was the day after the last installment payment was due, and the statute of limitations would run from that date. The chancery court determined that since the suit was not filed until August 24, 2006, both the three-year and six-year statute of limitations periods had clearly expired. The chancery court held that the amendment would be futile and further found that the claim was frivolous in nature, granting attorneys' fees and expenses to Philip. This Court can find no abuse of discretion in the chancery court's determination to deny amendment of the complaint to allege that the statute of limitations was tolled because of Philip's absence from Mississippi.

ii. WHETHER THE STATUTE OF LIMITATIONS WAS TOLLED UNDER THE EQUITABLE ESTOPPEL DOCTRINE, THUS MAKING THE AMENDED COMPLAINT PROPER.
¶ 21. Sonny additionally argues that the statute of limitations was tolled under the equitable estoppel doctrine because of the action or inaction by Philip. *484 Alternatively, he claims Philip should be equitably estopped because of an existing confidential relationship between Sonny and Philip.
¶ 22. "A party asserting equitable estoppel must show (1) that he has changed his position in reliance upon the conduct of another and (2) that he has suffered detriment caused by his change of his position in reliance upon such conduct." Turner v. Terry, 799 So.2d 25, 37(¶ 42) (Miss.2001) (citing PMZ Oil Co. v. Lucroy, 449 So.2d 201, 206 (Miss.1984)). In addition, "[i]nequitable or fraudulent conduct must be established to apply the doctrine of equitable estoppel to a statute of limitations." Ray v. Keith, 859 So.2d 995, 997(¶ 8) (Miss.2003) (citation omitted). The party asserting equitable estoppel has the burden of proving the elements. McCrary v. City of Biloxi, 757 So.2d 978, 981(¶ 13) (Miss.2000) (quoting Chapman v. Chapman, 473 So.2d 467, 470 (Miss.1985)).
¶ 23. Philip counters by asserting that Sonny failed to establish that he should be estopped from asserting a statute of limitations defense because of any particular inequitable conduct on his part. Philip contends that Sonny failed to state a cause of action for which relief could be granted since Sonny failed to plead any facts or information demonstrating Philip engaged in any inequitable or fraudulent conduct. Philip argues that Sonny has the burden of proof to show evidence of inequitable or fraudulent conduct to avoid dismissal on the grounds of statute of limitations, citing to McCrary, 757 So.2d at 980-81(¶ 13) in support of his argument. Philip contends that Sonny merely pleaded a wholly conclusory statement, which is insufficient.
¶ 24. The chancery court noted that "[e]quitable estoppel should only be applied against the statute of limitations in the most egregious of cases." Southern Win-Dor, Inc. v. RLI Ins. Co., 925 So.2d 884, 888(¶ 13) (Miss.Ct.App.2005). The chancery court determined that Sonny failed to meet his burden of proof by establishing any evidence of equitable estoppel. The chancery court found that Sonny failed to show any specific conduct by Philip that would require or justify estopping Philip from claiming the statute of limitations as a defense to the suit. The chancellor opined that a conclusory allegation of some unspecified inequitable conduct by Philip does not satisfy Sonny's burden of proof. As such, the chancery court granted Philip's motion to dismiss and denied Sonny's motion to amend his complaint.
¶ 25. Additionally, we agree with the argument by Philip that Sonny's allegations amount to conclusory statements without sufficient support to justify estopping Philip from claiming the statute of limitations as a defense. Accordingly, we affirm the denial of the motion to amend the complaint.

II. WHETHER THE CHANCERY COURT ERRED IN IMPOSING SANCTIONS AND ATTORNEYS' FEES AND EXPENSES IN FAVOR OF PHILIP MERIDETH.
¶ 26. Sonny now argues that the chancery court erred in finding his claim frivolous. He argues that his claim was justified. Sonny also contends that it is arguable that the statute of limitations might have been tolled by Philip's absence from Mississippi for two years' time. He claims that the chancery court erred in denying his motion to amend, which would have helped establish a viable claim of equitable estoppel. Sonny also contends that the debt was still valid, and he believed that discovery would produce evidence to substantiate his claims.
¶ 27. Philip argues that Sonny's claims were clearly barred by the statute of limitations. *485 Further, Philip asserts that he sufficiently placed Sonny on notice that he would claim the statute of limitations as a defense to the suit. On appeal, Philip asserts that Sonny has failed to show that he is equitably estopped from claiming statute of limitations as a defense. Philip also disputes that he was ever outside Mississippi after the promissory note became due, pointing to his affidavit stating that he has lived continuously in Mississippi since June 1998. Philip also contends that this case was filed for the purpose of harassment, demonstrating an ongoing pattern of harassment exhibited by the string of lawsuits filed by Sonny against Philip from April 2005 to July 2006.
¶ 28. The chancery court awarded the reasonable attorneys' fees and expenses Philip requested. The chancery court specifically found that Sonny's claim was frivolous and without substantial justification. The chancery court noted that Sonny was notified by letter from Philip's counsel on August 7, 2006, that the claim was barred by the statute of limitations, and further that the claim was clearly interposed for harassment. The chancery court determined that maintenance of the claim after notification that Philip would claim the statute of limitations as a defense was frivolous and without substantial justification. The chancery court determined that the attorneys' fees and expenses incurred by Philip in defense of this suit totaled $12,385.21 and were reasonable. However, the chancery court denied Philip's request for injunctive relief, and as such, credited Sonny for thirty-three percent of the total award of attorneys' fees in recognition of the amount incurred by Sonny in connection with Philip's request for injunctive relief. Therefore, Philip was awarded a total of $8,298.09 in attorneys' fees and expenses.
¶ 29. Under Mississippi Code Annotated section 11-55-5(1) (Rev.2002), a trial court's imposition of sanctions will be considered proper if it "finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment...." Further, the term "`[w]ithout substantial justification,'... means that [the claim] is frivolous, groundless in fact or in law, or vexatious, as determined by the court." Miss.Code Ann. § 11-55-3(a) (Rev.2002). Simply put, to determine whether a claim is frivolous, a court must determine if it can be said that "the pleader or movant has no hope of success." Scruggs v. Saterfiel, 693 So.2d 924, 927 (Miss.1997) (quoting Stevens v. Lake, 615 So.2d 1177, 1184 (Miss.1993)).
¶ 30. This Court can find no abuse of discretion in the chancery court's determination that the suit was frivolous and without substantial justification. Accordingly, we also can find no error in the award of attorneys' fees and expenses ordered in connection with this case. Therefore, we affirm the chancery court's award of attorneys' fees and expenses.

III. WHETHER PHILIP SHOULD BE AWARDED ATTORNEYS' FEES AND EXPENSES INCURRED IN CONNECTION WITH THIS APPEAL PURSUANT TO MISSISSIPPI CODE ANNOTATED SECTION 11-55-15 AND RULE 38 OF THE MISSISSIPPI RULES OF APPELLATE PROCEDURE, PLUS INTEREST.
¶ 31. In the instant case, Philip also asks that he be awarded attorneys' fees and expenses incurred in connection with this appeal. Philip claims that Sonny's appeal is frivolous. Sonny argues that if he had any hope of success at all on appeal, *486 he should not be assessed attorneys' fees and expenses.
¶ 32. According to Mississippi Rule of Appellate Procedure 38, "[i]n a civil case if the Supreme Court or Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee." Additionally, Philip cites to McCoy v. City of Florence, 949 So.2d 69, 85 (¶¶ 61-63) (Miss.Ct. App.2006) in support of his argument. However, this Court declines to find that Sonny had absolutely no hope of success on appeal in this case. Therefore, we decline to impose additional sanctions.
¶ 33. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, P.J., IRVING, BARNES AND ISHEE, JJ., CONCUR. KING, C.J., CHANDLER, GRIFFIS, ROBERTS AND CARLTON, JJ., NOT PARTICIPATING.